EATON vs. EATON and others.

Equity will not interfere to compel the affixing of a seal to a *voluntary* instrument of conveyance which was invalid for want of a seal.

| 15 | 259 |
|---|---|
| 104 | 86 |

APPEAL from the Circuit Court for *Green Lake* County.

The facts necessary to an understanding of the point decided are stated in the opinion of the court.

*Whittemore & Austin*, for appellant.

*A. B. Hamilton*, for respondents.

*By the Court*, PAINE, J. This suit was brought to reform a deed by compelling the grantors to affix a seal. It appears that the attempted conveyance was voluntary. It is well settled, that equity will not interfere to enforce a voluntary contract to convey. *Smith vs. Wood*, 12 Wis., 382. A defective attempt to make a voluntary conveyance stands upon the same ground. Judicial tribunals act to enforce legal obligations, not to compel parties to carry into execution mere

May 15.

January Term,
1862.

benevolent intentions, which they may once have entertained, but have subsequently abandoned.   So far as giving is concerned, they are allowed to say as Falstaff did of reasons, that they will not " give upon compulsion."

The judgment is affirmed, with costs.