HANSON VS. MICHELSON.

After a cause was called (the defendant not appearing), and after plaintiff's evidence was in, attorneys at law appeared for the defendant (not being his attorneys of record) and applied for a postponement of a few days until his witnesses could be produced, on the ground that, through neglect of the attorneys whom

Hanson vs. Michelson.

he had employed to attend to the cause, he had not been informed that it was noticed for trial at that term, until after the trial commenced. *Held*, that if a judgment had been rendered against the defendant before such application, he would have been entitled to relief from it under sec. 38, ch. 125, R. S., and therefore it was an abuse of discretion for the court to refuse the application.

Such application should not have been refused merely because plaintiff's counsel stated that he had two witnesses then in court whom they wished to examine if any testimony were taken for defendant, and whom he could not have present at a future day, there being no affidavit made to show that it would be *impracticable* to produce such witnesses in the future.

The cause having been postponed *for argument only*, and the defendant having applied, when it was again called, for leave to offer evidence in support of his answer, on the same grounds on which the previous application .was based, the evidence should have been admitted.

A deed defectively executed so as not to pass the title (as where it is not sealed or acknowledged), may be treated in equity as an agreement to convey, and performance may be enforced.

But an acknowledgment in such instrument of the payment of a consideration may be contradicted by parol evidence; and where it appears that there was no consideration in fact, a performance will not be enforced. *Eaton v. Eaton*, 15 Wis., 259, followed.

Plaintiff sought to establish an equitable right of way over defendant's land by virtue of a written instrument purporting to grant such a right to him and his heirs and assigns forever, and also asked to have the instrument reformed by compelling defendant to seal and acknowledge it. Answer, that there was no consideration, and that the instrument was intended only as a license, the words indicating the grant of a freehold having been inserted by mistake; and prayer that the instrument be reformed, or adjudged invalid. On application to amend the answer by adding, as a further defense, that at the time the instrument was executed defendant was a married man, occupying said land as a homestead, and the wife did not join in executing such instrument: *Held*, that under the circumstances of this case (*vide infra*), the amendment should have been allowed.

APPEAL from the Circuit Court for *Rock* County.

Action commenced June 9th, 1860. The complaint alleges that the plaintiff is now and for many years has been the owner in fee of certain real estate situate on section 6, T. 1 N., R. 11 E., and in sec. 1, T. 1 N., R. 11 E., in said county; that his dwelling house stands on the southwest qr. of said section 6, and is distant from any public highway; that for the purpose of securing ingress and egress to and from a public highway across land of the defendant also situate on said section six, he obtained from the defendant, and the defendant executed

and delivered to him, on the 3d of March, 1853, the following instrument in writing: "I, the undersigned *Anders Michelson*, of the town of Newark, Rock county, Wisconsin, in consideration of one dollar in hand paid, and the receipt whereof is hereby acknowledged, have sold and granted, and hereby sell and grant to *Tarold Hanson*, of the town, county and state aforesaid, and to his heirs and assigns forever, free road across the S W. qr. of N. E. qr. and N. E. qr. of N. E. qr. of section six in the town aforesaid; the said road to commence twenty-eight rods east of the south-west corner of said S. W. qr. of N. E. qr., thence in a north-easterly direction to the N. E. corner of said forty acre lot; thence in a north-easterly direction to a point on the town line twenty rods east of the N. W. corner of said N. E. qr. of the N. E. qr.; Provided that said road shall only be considered a private road, and be left to the option of myself, my heirs and assigns if we will fence it off or not; and said *Tarold Hanson*, his heirs and assigns, are responsible that any cattle they may drive on said road shall do no damage to grain, grass &c., even if the same is not fenced off from the road. And this instrument shall in every respect be binding for myself, my heirs and assigns forever. Witness my hand this 3d day of March, 1853. [Signed (but not sealed) by the *defendant*, and witnessed by C. L. Clausen and Christian Haroldson]"; that on the north side of said section six, the northern terminus of said road, there is a public highway running east and west, and that said instrument was made to enable the plaintiff to have access to that highway; that about the 10th of July, 1856, plaintiff obtained by purchase a right of way from his said land over the lands lying between the same and the point of commencement of the road mentioned in said instrument, so that he has now a right of way from his said land to a public highway running east and west along the town line, and that said right of way is valuable to plaintiff and necessary to the convenient enjoyment of his land. The complaint further alleges that said instru-

ment, though subscribed by two witnesses, is not under seal, and has no certificate of acknowledgment thereon; but that when it was executed, C. L. Clausen, one of the subscribing witnesses, was a justice of the peace for Rock county, and defendant did then and there acknowledge to said Clausen the execution thereof, but Clausen, by neglect and mistake, omitted to indorse thereon his certificate of acknowledgment. The complaint then avers that defendant has denied the plaintiff's said right of way, and has interrupted and hindered his enjoyment of the same; and that plaintiff has requested defendant to seal and acknowledge said instrument, which he has refused to do. Prayer, that defendant be restrained from obstructing said road-way, or in any way interfering with plaintiff's rights; and that he be adjudged to seal and acknowledge said written instrument, so as to entitle the same to record; and that plaintiff be adjudged to be entitled to said right of way, &c.

The defendant answered by Rockwell & Converse, his attorneys. The answer admits the making of the instrument set out in the complaint, but alleges that at the time of its execution defendant's said land was vacant and unimproved, and the agreement between the parties was, that plaintiff was to have permission to cross said land, while so vacant; that no consideration whatever was agreed upon, talked about, taken or given between the parties, but that C. L. Clausen, while drawing up said instrument, suggested to the parties that some consideration should be named, and by consent one dollar was named, as a matter of form only; that there was never any agreement between the parties that the instrument should be sealed; that defendant never acknowledged before said Clausen the execution of said instrument, and never agreed to do so; and there was no neglect or mistake in said Clausen omitting to indorse on the instrument a certificate of acknowledgment; that defendant has denied to the plaintiff the right of way across his said land, because he never gave plaintiff a valid agreement to permit him to do so, and because he had only

permitted plaintiff to cross while the land remained vacant, and the instrument set out in the complaint was supposed by defendant to give only such a license; and that in 1855, "a public highway was laid, and now is opened and traveled, along the forty acres of land occupied by the plaintiff with buildings, and through his farm, which lets him into the same highway that said private road does." Defendant asks, therefore, that said instrument, if the court shall hold it valid, may be reformed so as to make it such a license; and also asks that said instrument be declared void.

The cause came on for trial at the November term of said court, 1862, to wit on the 15th of December of that year, no one appearing for the defendant. The plaintiff read in evidence the deposition of C. L. Clausen, one of the subscribing witnesses to the instrument, proving the execution of said instrument, and adding: "I was justice of the peace at that time. The paper was drawn up by me at my office. I think I read it over to *Michelson* before he signed it, and explained the contents to him in the Norwegian language. I think that he did not request me to take his formal acknowledgment of the paper: I do not remember that anything was said about the taking his formal acknowledgment. I do not recollect at whose request I drew the instrument. As near as I can recollect the transaction, *Hanson* and *Michelson* came to my office. *Michelson* and some of his neighbors wanted to have a certain road discontinued or abandoned. *Hanson* would consent to the discontinuance of the road only upon condition that *Michelson* would grant him a private road across his own land, as specified in the paper that I drew. This was the consideration on which *Michelson* signed said paper. As near as I can recollect no money was paid in my presence. This paper embodied the agreement as it was talked over between the parties at the time. I knew a highway running east from *Hanson's* house some three-quarters of a mile south of the town line. This was the highway that *Michelson* wanted to have discon-

tinued or abandoned. This road, I think, ran through the south part of *Michelson's* land. I think I have heard that this road was afterwards discontinued by the supervisors of said town. I do not know of my own knowledge that it was so. Upon the making of said paper, *Hanson* consented that this road should be vacated. My recollection is that it was understood that *Michelson* was to give *Hanson* the right of way as specified in the paper, and that this paper was deemed sufficient for the purpose. When this paper was made out, it was the intention of *Michelson* to convey to *Hanson* the right of way therein specified. I have no recollection of anything being said in regard to making out any other paper. My recollection is that the right of way conveyed by *Michelson* in that paper was to be perpetual." Plaintiff also read in evidence the deposition of one Randall, to prove that defendant had obstructed the roadway, denied his right of way, and refused to seal or acknowledge the aforesaid instrument. Both these depositions were taken upon notice served upon Rockwell and Converse, as defendant's attorneys; but no person appeared for the defend·ant at the taking of the same.

The record states " that about the time plaintiff's attorneys completed the reading of said testimony, Bennett, Cassoday & Gibbs appeared for the defendant, and asked the court to delay further proceedings on said trial for the reasons stated in the affidavit of the defendant hereinafter mentioned, until they could send for the defendant and his witnesses, to which the counsel for the plaintiff objected, and the court sustained the objection, to which ruling the defendant, by Bennett, Cassoday & Gibbs, then and there excepted. The argument of the cause was then postponed to a future day, with the distinct declaration on the part of the court that no evidence on the part of the defendant would be received unless it was then offered; the plaintiff's counsel then stating to the court that he had then in court two other witnesses whom he should desire to examine if the defendant should offer any evidence, and whom

he could not have at any future day; and they then and there produced said witnesses in court." On the 18th of the same month, the court, upon reading an affidavit of the defendant, and also an amended answer signed by him, both dated on the 17th of that month, made an order that Bennett, Cassoday & Gibbs be substituted as attorneys of record in place of Rockwell & Converse, and that plaintiff show cause on the 19th why the case should not be opened, and said amended answer filed, and a new trial had. The affidavit of defendant states that sometime in June, 1860, he employed the firm of Rockwell & Converse, attorneys at law residing at the city of Beloit in said county, to put in and serve an answer to the complaint herein, and to defend the action; that he counselled more particularly with said Rockwell, who advised him that he had a good defense, and put in and caused to be served an answer; that said Rockwell has been away from this state, at Pike's Peak in the territory of Colorado, most of the time since the issue was joined in said action; that M. E. F. Peck, of Newark, with whom affiant advised some in relation to the action, informed affiant that he would have notice before a trial; that about two years ago said Rockwell was here, and affiant came to Janesville with his witnesses prepared for a trial, but said cause was put over the term at the request of the plaintiff; that it was also put over the January term, 1861, at plaintiff's request; that no trials were had at the June term of that year except a few by consent of parties; that affiant was again here [at the place where said court was holden] pre·· pared for trial at the November term, 1861, but the cause was put over that term at plaintiff's request; that it likewise went over the January term, 1862, but for what reason affiant cannot state; that affiant was compelled to put said cause over at the June term, 1862, for the absence of a witness; that said Peck, who counselled with affiant's attorneys, informed affiant that he need not pay any attention to the case, as said Peck and said Converse would attend to it and give affiant due no-

tice of the trial thereof; that affiant depended upon said Converse to attend to the trial of the case, but he and said Peck had wholly neglected to inform affiant in relation to said trial at the present term of the court, or that the cause had been noticed for trial, or that any notice had been given of the taking of the testimony of said Clausen or said Randall, and affiant did not know when such testimony was taken; that affiant accidentally learned that said cause was being tried by a friend who happened to be in court when it was reached; that he has fully and fairly stated the case to Bennett, Casso-day & Gibbs, of Janesville, his counsel in the action, and was thereupon advised by them and verily believes that he has a valid defense upon the merits to the whole of the plaintiff's cause of action herein; that he expects to be able to prove all the allegations of his amended answer, if permitted to file the same and go to trial thereon; and he can be ready for trial at any time after two days from filing said amended answer, and that this application is made in good faith, and not for the purpose of delay, &c., &c. The amended answer contains allegations similar in substance to those in the original complaint, with an allegation that the word "forever" was inserted in said instrument by mistake, and that it was only intended to give the plaintiff a license to cross defendant's land until a public highway should be laid out through plaintiff's land, and that such a highway has been in existence for the last seven years. For a separate defense it alleges in substance, that at the time of the execution of said instrument, the defendant was a married man, and that the N. E. qr. of the N. E. qr. of said section 6 was his homestead.—The court, at the hearing, refused leave to file the amended answer, and refused to open the cause for a new trial. The defendant then offered to prove that there was no consideration for the signing of said instrument; also, that the highway running east from plaintiff's house, as mentioned in Clausen's affidavit, was never discontinued; but both offers were denied by the court.—The cour-

found the facts for the plaintiff, and rendered judgment in his favor for the relief demanded ; and the defendant appealed.

*Bennett & Cassoday*, for appellant, argued, among other things, that the court erred in refusing to permit *Michelson* to defend. This order was one made before judgment and involving the merits, and may be reviewed on appeal. Laws of 1860, ·ch. 264, sec. 6 ; *Cowles v. Cowles*, 9 How. Pr. R., 361 ; *Griffin v. Marquardt*, 17 N. Y., 28–34 ; *Catlin v. Henton*, 9 Wis., 497 note.

*J. A. Sleeper, contra* ;

The court ought not to have allowed the defendant to file his amended answer after the action had been at issue two years, and after the plaintiff had taken depositions of witnesses, and submitted the cause upon the evidence. His delay in making the application is inexcusable. *Sanderson v. Doe*, 6 Wis., 164 ; *Welch v. May*, 14 id., 200. The amended answer contains nothing not substantially contained in the original answer, except the right of homestead, which, we submit, is no defense. It should not have been allowed for the purpose of enabling the defendant to open the case, and produce evidence which, by the previous order, he had no right to do. 2. The granting of the application was a matter of favor, and not of right. It rested in the sound discretion of the court, and the order refusing it was not appealable. This court cannot know what had previously occurred in the circuit court as the judge of that court did, and will not disturb the judgment on account of his refusal to grant the application. 3. If it be granted that *Michelson's* affidavit, if presented when the application was made to postpone the trial, would have been sufficient to entitle him to such postponement, still it was not then presented, and the court could not have known that such facts existed. 4. After disallowing the amendment, the court did not err in refusing the defendant's offer of evidence. (1.) The cause was postponed for argument only, the plaintiff having at the time of such postponement two witnesses present whom he wished

to examine if the defendant should offer any evidence, and could not have at a future day. (2.) The mere offer to make this proof, without producing any documentary evidence, deposition or witness in court, was not sufficient. (3.) The first offer, "to prove that there was no consideration" &c., was not an offer to prove a fact, but merely a conclusion of law. The second fact offered to be proved, viz., that no highway was ever in fact discontinued, &c., was not sufficient to show a failure of the consideration. *Hanson's consent* to have the highway discontinued *or abandoned* was a sufficient consideration.

*By the Court,* DIXON, C. J. The court should have postponed the hearing, and given the defendant time to produce his witnesses, when first applied to by him for that purpose. The affidavit showed a clear case of mistake or excusable neglect on the part of the defendant, which would have entitled him to relief under sec. 38, ch. 125, R. S., had judgment been actually rendered against him. See *Johnson v. Eldred,* 13 Wis., 482. It was, therefore, error or an abuse of discretion for the court to refuse the application. The objection of the plaintiff, founded on the statement of his counsel that he had two other witnesses then in court whom he should desire to examine if the defendant should offer any evidence, and whom he could not have at any future day, seems not well taken. In the absence of any statement of facts showing how or why it was that those witnesses could not be produced in future, it must be presumed that they could be as well then as at the time of the application. If they resided without the jurisdiction of the court, or were about to depart from the state, or if for any other cause it would become impracticable or impossible to procure their attendance or depositions at any future time, the facts should have been shown. As it is, we can only infer that their attendance in future would merely have caused inconvenience and expense—objections which could have readily been

obviated by the imposition of proper terms as a condition of delay.

For the same reason above given, the affidavit being the same, we are of opinion that the cause should have been opened on the 19th of December, and that the evidence offered by the defendant on that day should have been received. As admitted by the counsel for the plaintiff, the issue, in respect of the proofs offered, was the same under the original as under the amended answer. The proofs were admissible under either, and, according to the cases of *Eaton v. Eaton*, 15 Wis., 259, and *Smith v. Wood*, 12 Wis., 382, if made as offered, would have established a good defense to the action.

We have been referred to the case of *Grant v. Townsend*, 2 Hill, 554, as in conflict with the doctrine of these cases; but we do not think that it is. It may well be that the acknowledgment in a deed of lands, *regularly executed*, of the payment of the consideration, cannot be contradicted by the grantor or those claiming under him, for the purpose of destroying the effect and operation of the deed, and yet that the consideration of a deed *defectively executed*, or so as not to pass the title, may be. . It is a familiar rule that a defective deed may be treated in equity as an agreement to convey, and performance enforced, and where it is, we think, as was held in *Eaton v. Eaton*, that it stands on the same footing as an executory contract to convey, and that it will not be carried into effect by a court of equity if it appears to have been made without consideration.

As to the proposed amendment to the answer, we see no reason why it should not have been allowed.

Judgment reversed, and cause remanded for further proceedings according to law.

DOWNER, J., dissents.