WILLIAM A. GWYER, APPELLEE, v. MARY SPAULDING,
APPELLANT.

[FILED DECEMBER 18, 1891.]

1. **Deeds**: MISTAKE: EQUITY WILL GRANT RELIEF against a
   mistake in the description of land in a deed, if the mistake is
   established by clear and satisfactory evidence.

2. **Reformation**: PARTIES.   A grantee in a deed may maintain
   an action to reform the deeds in his chain of title.

3. ———: NOT ALLOWED OF VOLUNTARY DEEDS.   A deed that is
   purely voluntary, resting on no valuable consideration, cannot
   be reformed for a mistake at the suit of the grantee therein
   named.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*Mahoney, Minahan & Smyth,* for appellant, cited, con-
tending that all matters connected with the mistake must
be clearly shown: Kerr, Fraud and Mistake [Bump's Ed.,
1872], 421, 422, 429, 430, 431, 432; *Lyman v. Ins. Co.,*
17 Johns. [N. Y.], 373; *Farley v. Bryant,* 32 Me., 474;
*McDaniels v. Bank,* 29 Vt., 230.

_Christofferson & Penwarden_, and _William D. McHugh_, contra, cited, contending that voluntary deeds could not be reformed : _Broun v. Kennedy_, 33 Beav. [Eng.], 147; _Smith v. Wood_, 12 Wis., 425; _Eaton v. Eaton_, 15 Id., 284; _Petesch v. Hambach_, 48 Id., 447; _Dickinson v. Glenney_, 27 Conn., 109; _Minturn v. Seymour_, 4 John. Ch. [N. Y.], 497; _Colman v. Sarrel_, 1 Ves. Jr. [Eng.], 54; _Lee v. Henley_, 1 Vern. [Eng.], 37; _Acker v. Phœnix_, 4 Paige Ch. [N. Y.], 305; _Quirk v. Thomas_, 6 Mich., 98.

NORVAL, J.

This suit was brought by appellee to reform two deeds, one executed in 1859, by Andrew B. More, as chairman of the board of trustees of Grand View, to Linas Scudder, and the other executed in 1886 by the heirs of said Linas Scudder to appellee, so as to make the descriptions in said deed read lot 20 in block 447 in Grand View, instead of lot 2 in said block as written in said deeds, and also to cancel and set aside a deed made on the 18th day of May, 1882, by Mary A. J. More, acting as attorney in fact for A. B. More, purporting to convey to Mary Spaulding, the appellant, lot 20 in block 447 in Grand View. From a decree in favor of the plaintiff the defendant appeals.

The territory that comprised the city of Grand View is now a portion of the city of Omaha. On the 1st day of April, 1859, the United States, in pursuance of the town site act of congress, approved May 23, 1844, entitled "An act for the relief of the citizens of towns upon lands of the United States under certain circumstances," conveyed by letters patent to the trustees of the city of Grand View, lots one (1), two (2), three (3) and four (4) and the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section twenty-six (26) in township fifteen (15) north, of range thirteen (13) east, of the sixth principal meridian, in what is now the county of Douglas, in trust for the use and benefit for the occu-

pants and owners of said lots and pieces of lands, according to their respective interests.

The lands thus conveyed were platted into blocks and lots, one of the blocks being numbered 447, which contains lot number 20, the one in controversy. The ownership, beneficiary interest and equitable title to the real estate in Grand View, was represented by certain shares therein belonging to the owners and occupants of the lands conveyed as aforesaid by the United States to the trustees of the city of Grand View. The several lots in said city were duly and legally apportioned and set apart to the respective owners of said shares, to the number of nine lots for each share. The names of all the shareholders do not appear, but the record discloses that one Linas Scudder was the owner of shares numbered 26 and 27, and as such he was entitled to, and was allotted, eighteen lots.

After the apportionment of the lots among the owners of shares, in order to carry out the purposes of said trust, and to vest the legal title to the lots in the persons to whom they had been apportioned as aforesaid, Andrew B. More, who was then the chairman of the board of trustees of said city of Grand View, was authorized and directed to execute and deliver to the respective persons to whom said lots were apportioned, deeds of conveyance to said respective lots. In pursuance of the said power and authority conferred upon him, and for the purpose of vesting in said Linas Scudder the legal title to the lots assigned to him, the said Andrew B. More, as such chairman, executed and delivered to said Scudder, on the 15th day of December, 1859, a deed to eighteen lots in the city of Grand View, one of which being described therein as "lot 2 in block 447," which deed was duly recorded in Douglas county.

The said Linas Scudder afterwards died intestate, and subsequently, on the 24th day of May, 1886, his children and heirs at law conveyed to the plaintiff William A. Gwyer, all their right, title, and interest, and the right,

title, and interest theretofore held by their father in and to the lots in the city of Grand View, which had been allotted and apportioned as aforesaid to said Linas Scudder. In the deed the lots were described the same as in the deed executed by said More, as chairman, to said Scudder.

On the 18th day of May, 1882, Mary A. J. More, acting as attorney in fact for A. B. More, executed and delivered to the defendant Mary Spaulding, a deed of conveyance purporting to convey to the defendant lot 20, in block 447 in Grand View, which deed was recorded in the office of the register of deeds of Douglas county.

The appellee contends that lot 20 in said block 447 was apportioned to said Linas Scudder as the owner and holder of share number 26; that the clerk of the city of Grand View, in entering upon the records of said city the apportionment of lots to said share 26, by mistake entered therein, that lot number 2 in said block 447 was drawn and allotted to the owner of said share, instead of lot 20 in said block; that by mistake lot 2 instead of said lot 20 was described in the deed to Scudder, as well as in the deed from the Scudder heirs to the plaintiff.

The record before us discloses that this plaintiff brought an action in the district court of Douglas county against A. B. More, George E. Baker, W. F. Finch, and Chauncey Wiltse, who, at the time of the apportioning of said lots and at the time of the making of the deed to Scudder, were the legally appointed and acting trustees of the city of Grand View, to which suit the heirs of Linas Scudder, deceased, were made defendants. The object and purpose of the action was to reform the description in the Scudder deed and in the deed from the heirs of Scudder to said William A. Gwyer, so as to make the description read lot 20 in block 447, instead of lot 2 in said block, as therein written. On the 24th day of December, 1888, a decree was entered in said cause reforming said deeds as prayed.

Was a mistake made in the descriptions in the deeds, and

is the appellee entitled to have the same corrected as against the appellant? It is not claimed that there was any fraud on the part of either of the grantors in making the deeds, but that by mutual mistake of the parties thereto, the instruments failed to express the intention of the parties. The contents of the record book of the city of Grand View is relied upon to establish that a mistake was made in describing the lots in the deed to Linas Scudder. This book was lost and could not be produced upon the trial of the cause, although at the previous term of the district court of Douglas county it had been used in the trial of another action. The contents of the books were established by parol evidence, from which it appears that the shares in Grand View were first divided into ten equal bunches, allotting to each bunch nine lots. Then the lots drawn in that manner were sub-allotted between the owners of the shares in each group. In apportioning the lots into ten equal parts, lots 1 and 2 in block 447, with other lots, fell to shares 1 to 10, and shares 21 to 30 drew, in addition to other lots, lots 19 and 20 in said block 447. It also appears that subsequently in the sub-allotment of the lots to shares 1 to 10, lot 2 in block 447 was apportioned to share number 7, owned by one R. L. Sumner, and said lot was conveyed to him on the 5th day of March, 1859; that in the sub-selection of lots that went to shares 21 to 30 inclusive, share 26, which was owned by Linas Scudder, drew said lot 2, in block 447, and it was deeded to him December 15, 1859. The record book of the city of Grand View fails to show that lot 20 in block 447 was apportioned to any share. The clerk of the city, in entering upon the records the apportionment of the lots to the owner of shares, wrote the number of the lots in figures. It is evident that lot 20 in block 447, was drawn by share 26, and that a clerical error was committed by the keeper of the records of the city in omitting the cipher after the figure 2. Lot 2 in said block had already been drawn by the owner of

40

share number 7, and clearly it was not the intention to apportion it a second time to the owner of another share, while lot 20 in the first division was properly allotted to shares 21 to 30 inclusive, and all the shares in that group, except share 26, having received the requisite number of lots, the conclusion is incontrovertible that lot 20 belonged to the owner of share 26, and was allotted to it, but by mistake lot 2 was entered upon the record of the city in its stead as having been drawn by share 26.

For the same reasons we are of the opinion that lot 2 instead of lot 20, in block 447, was erroneously inserted in the description, in the deed executed by Andrew B. More, as chairman of the trustees of Grand View, to Linas Scudder. It was the intention by such conveyance to vest in the grantee the legal title to all the lots of which, by virtue of said apportionment of lots, he was the equitable owner. It is unreasonable to suggest that More intended to execute a deed to lot 2, which he had previously conveyed to Sumner, or that Scudder believed that he was accepting such a deed, but rather that both parties to the instrument supposed and believed that it contained the proper description of the several lots apportioned to said Linas Scudder, as the owner of share 26. It does not appear that the error in the description was discovered until long after the Scudder heirs executed their deed to the plaintiff.

As before stated, the description of the lots in the deed of the Scudder heirs to the plaintiff is the same as contained in the deed to Linas Scudder. The 15th and 16th findings of the trial court relating to this conveyance are as follows:

"15. That said last mentioned deed was made, executed, and delivered in pursuance of a contract of purchase, whereby and wherein said William A. Gwyer intended to purchase of and from said grantors therein, and the grantee intended to sell to said Gwyer, among other lots, all the

lots in said city of Grand View, which in said allotment and apportionment were allotted and apportioned to said share number twenty-six, and to said Linas Scudder, the owner thereof.

"16. That it was the intention of said grantors in said last mentioned deed to describe and convey all their interest, right, and title in and to the lots so apportioned to said share, and to said Linas Scudder; that by mistake lot two in block four hundred and forty-seven, in said city of Grand View, was inserted in said deed last mentioned, instead of lot twenty in said block; that when said last described deed was made, executed, and delivered, both the grantors therein and said William A. Gwyer supposed and believed that the lots therein described were the lots which in said allotment or apportionment were allotted and apportioned to said Linas Scudder."

It is urged by appellant that these findings are not supported by the proofs. The principal testimony bearing upon this branch of the case was given by the plaintiff, from which it appears that neither lot 20 nor any other lot was specifically mentioned at the time of plaintiff's negotiations with the Scudder heirs for the purchase of the property. He knew that Scudder owned two shares in the city of Grand View, for which he had been allotted eighteen lots. Linas Scudder in his lifetime had given the plaintiff a list of these lots, one of which was described as lot 2 in block 447. The plaintiff testified that he bought with reference to Scudder's interest in the city of Grand View, and supposed at the time that the lots described in the deed he received were the lots drawn by the two shares owned by Scudder. The heirs intended to convey to the plaintiff these lots, but by mutual mistake lot 2 in block 447, which they did not own, was described instead of lot 20 in the same block.

That a court of equity will reform the description contained in a deed of conveyance, where it is established by

clear and satisfactory evidence that the instrument fails to express the intention of the parties, cannot longer be questioned. The doctrine is as firmly settled as anything in the law, and the citation of authorities is unnecessary.

The evidence clearly shows that by mutual mistake neither of the deeds correctly described the property intended to be conveyed, and the error should be rectified by making the instruments conform to the agreements of the parties. No equities have intervened to prevent the granting of the relief demanded. The appellant is not a *bona fide* purchaser of said lot 20 for value. True, she received a deed of conveyance, purporting to convey the lot to her, on May 18, 1882, executed by Mary A. J. More, acting as attorney in fact for A. B. More, but for anything shown in the evidence it was entirely voluntary. Nor does it appear that the grantor therein had any title to convey. The land composing the city of Grand View was conveyed by the United States to the trustees of the city in trust. For the purpose of carying out the trust, the trustees empowered More, as chairman of the board, to execute deeds of conveyance to the respective equitable owners of the lots. He had no power to convey to any one else, nor could he delegate the authority conferred upon him to another person. *Tecumseh Town Site Case,* 3 Neb., 283.

Is the plaintiff the proper party to bring the action to reform the deeds? A lawsuit must be brought in the name of the person who has an interest in the subject-matter of the action. It cannot be successfully questioned that, when a deed misdescribes the property intended to be conveyed, the grantee therein named may maintain a suit to correct the mistake. Linas Scudder, in his lifetime, and after his death, his heirs, could have successfully prosecuted an action for a reformation of the deed executed to Scudder by Mose for and on behalf of the trustee of Grand View. So the appellee, William A. Gwyer, is the proper party plaintiff in a suit to correct the error in the description in

the deed made to him by the Scudder heirs.   While such separate suits could be successfully prosecuted, it does not necessarily follow that the appellee cannot sue for the reformation of both deeds.   The correction of his deed would be of no value without the other is reformed.   He is interested in having corrected the mistake in the description in the Scudder deed in order to perfect his chain of title, and such interest is sufficient to authorize the appellee to bring the suit.   That a grantee may maintain an action to reform the deeds in his chain of title is well settled. (*Cox v. Ellsworth,* 18 Neb., 664; *Busby v. Littlefield,* 31 N. H., 193; *May v. Adams,* 58 Vt., 74; *Parker v. Starr,* 21 Neb., 680; *Mallingly v. Speak,* 4 Bush [Ky.], 316.)

It appears that the appellee, prior to the commencement of this action, made a quit-claim deed to "the estate of Sarah H. Gwyer," describing therein all the property described in the deed to him by the heirs of Linas Scudder. It is claimed by appellant that the plaintiff has no interest in the subject of the action.   Lot 20 in controversy is not described in this last conveyance, and the undisputed evidence shows that the deed was a voluntary one, and that the plaintiff received no consideration therefor.   It was intended by the grantor as a gift to his children, and while he intended to convey to them all the lots received by him from the Scudder heirs, yet the same mistake was made in the description as contained in the other deeds, and lot 20 not being described in the deed made by Gwyer, the title thereto did not pass.   This deed being purely voluntary, resting on no valuable consideration, the grantee named therein could not have it reformed for mistake. (*Conaway v. Gore,* 24 Kan., 389: *Wait v. Smith,* 92 Ill., 385; *Froman v. Froman,* 13 Ind., 317; *Eaton v. Eaton,* 15 Wis., 259; *Hansen v. Michelson,* 19 Id., 498; *Peteseh v. Hambach,* 48 Wis., 447; *Quirk v. Thomas,* 6 Mich., 76.)

It follows from what has been said that the appellee has such an interest in the subject of the action as to make him

a proper party plaintiff.    The equities are with the appellee,.
and the judgment is

AFFIRMED.

THE other judges concur.