[S. F. No. 3145.   Department One.—December 18, 1902.]

LOUISA G. ENOS, Appellant, v. JAMES STEWART, Administrator, etc., et al., Respondents.

REFORMATION OF DEED—MISTAKE—INEFFECTIVE DESCRIPTION—VOLUNTARY GRANT—EQUAL EQUITY OF HEIRS.—It is only when a deed which is ineffective by mistake, for description of other premises than those intended to be conveyed, is based upon a valuable consideration, that equity will grant relief to reform it as against the heirs of the deceased grantor. Where the grant is voluntary, without actual consideration, the equity of the heirs is equal to that of the grantee; and a court of equity will not reform the deed in his favor so as to render it effective against them, but will follow the legal title.

ID.—CONSTRUCTION OF CODE—REVISION OF CONTRACT—RULES OF EQUITY. —Section 3399 of the Civil Code in regard to the revision of contracts is not intended to overthrow the settled rules of equity; and the "party aggrieved" mentioned therein is intended to include one who paid value for land which was, by mistake, omitted from the deed, and not to include a voluntary grantee, who is not protected by the rules of equity.

APPEAL from a judgment of the Superior Court of Alameda County.   W. E. Greene, Judge.

The facts are stated in the opinion.

George E. De Golia, and Clinton G. Dodge, for Appellant.

The code provisions relating to the reformation of contracts make no distinction concerning the nature of the consideration, but give broad power to courts of equity in cases of mutual mistake.   (Civ. Code, secs. 3399, 3401.)   A deed of gift may be reformed in equity.   (*Powell* v. *Morisey*, 98 N. C. 426;[1] *Hass* v. *Morris*, 63 Pa. St. 367.)   Courts of equity have a wide discretion to give to parties the same beneficial result which would have flowed from the agreement had the mistake never existed.   (*Lestrade* v. *Barth*, 19 Cal. 661.)

J. P. Langhorne, and Reed & Nusbaumer, for Respondents.

[1] 2 Am. St. Rep. 343.

Equity will not reform a voluntary conveyance as against the holder of the legal title, where' the equities are equal. (*Hout* v. *Hout*, 20 Ohio St. 119; *Powell* v. *Powell*, 27 Ga. 36;[1] *Henderson* v. *Dickey*, 35 Mo. 120; *Powell* v. *Morisey*, 98 N. C. 426;[2] *Else* v. *Kennedy*, 57 Iowa 376; *Shears* v. *Westover*, 110 Mich. 505; *Gwyer* v. *Spaulding*, 33 Neb. 573; *Mulock* v. *Mulock*, 31 N. J. Eq. 602; *Phillips* v. *Kery*, 32 Beav. 628; *Broun v. Kennedy*, 33 Beav. 133; 1 Story on Equity Jurisprudence, 10th ed., sec. 164e.) The codes are to be construed as declaratory of common-law rights and principles of equity jurisprudence so far as possible. (*Baker* v. *Baker*, 13 Cal. 87-93; *In re Garcelon*, 104 Cal. 584;[3] *Lux* v. *Haggin*, 69 Cal. 255; *Briggs* v. *Briggs*, 80 Cal. 253-256; *Claiborne* v. *Claiborne*, 98 Cal. 30-33; *Hout* v. *Hout*, 20 Ohio St. 119.)

COOPER, C.—About the facts of this case there is no controversy. Louisa Stewart was the daughter of appellant, and the wife of defendant James Stewart, who will herein be called the respondent. She died on the twelfth day of November, 1900, intestate, leaving surviving her the appellant and the respondent as her sole heirs. She left certain real estate, which was her separate property. Prior to her death she had given to appellant all her money and personal property. She left no will and made no provision for respondent. A short time prior to her death she executed and delivered to appellant a deed of gift; and by such deed she intended to convey, and thought that she had conveyed, the real estate in contest to appellant. By a mistake of the party who prepared the deed the description of the lands intended to be conveyed was not given, but a description of an entirely different tract of land. The object of this action is to obtain a decree reforming the deed by inserting the correct description, and to have the title of appellant quieted against respondent as administrator of the estate of Louisa Stewart, deceased. The real estate vested by operation of law, subject to administration, and the payment of debts, in the appellant and respondent in equal proportions. This, therefore, is an action by a grantee under a voluntary defective conveyance to obtain the aid of a court of equity to correct and reform the conveyance

---

[1] 73 Am. Dec. 724.     [2] 2 Am. St. Rep. 343.     [3] 43 Am. St. Rep. 134.

as against an heir at law, who is unprovided for by deceased. If the deed had been made to a purchaser for a valuable consideration, it would in equity be sustained against the heirs and reformed so as to make it convey the land intended to be conveyed. But the legal title to the land sought to be, by a decree of court of equity, read into and made a part of the deed is now cast in appellant and respondent equally, as heirs at law of deceased. It is a universal principle of courts of equity that in all cases where relief is asked by aiding and correcting mistakes in the execution of instruments and powers, the party seeking such relief must stand upon some equity superior to that of the party against whom he asks it. If the equities are equal, the law must prevail, and the court will remain silent and passive. The equities of respondent are, at least, equal to those of appellant. It is the dictate of equity and natural justice that the property of a wife dying without issue should go in part to her surviving husband. This was certainly the view of the legislature in enacting our statute of distributions, for in such case it makes the husband the owner of one-half the property. If this be so, then equity would say to appellant that she should allow the respondent his one-half the property. A court of equity interferes to correct a mistake in a written instrument only in furtherance of justice, and to prevent fraud or some injustice. In this case, by refusing to correct the deed, no fraud nor injustice is done to appellant. She has lost nothing, because she paid no consideration for the deed. She has been deprived of nothing the law would otherwise give her. It is true the intention of the grantor is not carried out, but it would have been equally true if an attempt had been made to make a will and it had been defective in a vital part. The court could not reform a will nor make it so that it would comply with the law. In this case the deceased intended to convey the property, but she did not do so. That intention will not now be carried out in favor of one who paid nothing for the conveyance, and against a lawful heir.

The above principles are supported by an unbroken line of authorities. It was long ago said, in *Dawson* v. *Dawson*, 16 N. C. 101[1]: "The old beaten ground, long since occupied by the courts of equity, not to aid voluntary conveyances, seems

[1] 18 Am. Dec. 573.

· to render any reasons that might be urged to show that the bill should be dismissed both trite and unnecessary.''

It is said in Story on Equity Jurisprudence (vol. 1, sec. 177) : ''For the same reason equity will not supply a surrender or aid the defective execution of a power to the disinheritance of the heir at law.''

The following cases directly support what has been said: *Henderson* v. *Dickey,* 35 Mo. 120; *Hout* v. *Hout,* 20 Ohio St. 119; *Powell* v. *Powell,* 27 Ga. 38 ;[1] *Powell* v. *Morisey,* 98 N. C. 426 ;[2] *Shears* v. *Westover,* 110 Mich. 505; *Else* v. *Kennedy,* 67 Iowa, 376; *Gwyer* v. *Spaulding,* 33 Neb. 573; *Mulock* v. *Mulock,* 31 N. J. Eq. 602.

Counsel for appellant in their reply brief do not attempt to meet the many cases cited by respondents, but rely upon section 3399 of the Civil Code, and say: ''We care not what the construction or decision of eastern courts may be upon this subject, because our code has clearly laid down the rule, and until that rule is changed by the legislature it remains the rule in this state, and fully and completely governs and controls the law of the case at bar.''

The section referred to provides that in case where by reason of a mutual mistake ''a written contract does not truly express the intention of the parties, *it may be revised* on the application of the party aggrieved.''

If we concede that the word ''may'' means ''must,'' it does not follow that an instrument must be revised, except upon the application of the party aggrieved and in accordance with the rules of equity. The party aggrieved in the sense of the statute means one whose pecuniary interest is affected by the mistake. It would include one who paid value for land which by mistake was omitted from the deed. It does not include appellant, who is not aggrieved, except in the sense that she may grieve that she did not get the property. In that sense the respondent might be said to be aggrieved because the property was not conveyed to him. But the section was never intended to overthrow well-settled principles upon which equity has been administered under the common law. The section certainly does not contain all the law with respect to the correction of mistakes in courts of equity. It is only where it clearly appears that a long-estab-

[1] 73 Am. Dec. 724.    [2] 2 Am. St. Rep. 343.

lished principle is intended to be overthrown that the court will give such effect to a statute. (*In re Mill's Estate,* 137 Cal. 298.)

It follows that the judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Harrison, J., Garoutte, J.