## No. 14,657.

### Sweeney *v.* Peterson et al.
(103 P. [2d] 1064)

Decided June 17, 1940.

Messrs. Morrissey, Mahoney & Scofield, for plaintiff in error.

Messrs. Bartels, Blood & Bancroft, Mr. Paul P. Eagleton, Messrs. Schaetzel & Knight, Mr. D. W. Strickland, Jr., Mr. E. J. Schaetzel, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience are hereinafter referred to as Sweeney, Peterson, Mrs. Peterson (husband and wife), and the bank, respectively; and one Erick Levine as Levine.

March 21, 1938, Levine executed a trust agreement, covering some $23,000, with the bank as trustee. Under its terms this trust estate was devoted to "the sole use and benefit" of Levine while he lived. On his death, after the payment of certain expenses, $2,000 of the corpus was to be paid to Sweeney and the balance to the Petersons. Within six weeks from its date Levine was dead and this suit instituted. Its purpose is to reform the trust. Two causes of action are stated; the first grounded upon undue influence, and the second upon mistake. General demurrers to the amended complaint were sustained and Sweeney, by failing to further plead, suffered judgment of dismissal against him. To review that judgment he prosecutes this writ. The assignments present the simple question, Is either cause of action good?

The trust agreement is brief and explicit, and the two paragraphs with which we are here concerned incapable of misconstruction. The first of these gives $2,000 to "my old friend James C. Sweeney, * * * being an expression of my appreciation of his many acts of kindness." The second gives the balance to the Petersons "to repay both of them in part for loving care extended to me during my lifetime." "The said Edward John Peterson being the son of a very good friend of mine with whom I made my home for a very long time."

■■ It thus appears from the questioned document that the sum set aside to the Petersons was in discharge of a binding obligation, and this is undisputed. In the same way it appears that the sum set aside to Sweeney was a simple gift, without consideration, and this also is undisputed. A contrary allegation appeared in the original complaint. It was there stated that during a

number of years Sweeney performed "many acts of favor and kindness" for which Levine "expressed the desire and intent of compensating the plaintiff therefor out of his estate at his death, *and in consideration of said services, agreed so to do.*" The complaint contained fifteen paragraphs and the last quoted phrase appeared in No. 3. As the result of a motion to strike paragraphs 11, 12, 13, 14, and 15, the amended complaint was filed. The above underscored allegation was omitted therefrom. The preceding portion of the quotation was included, but on motion was stricken. The abstract discloses no exception to the orders sustaining these motions and their correctness is not raised by the assignments. The amended complaint therefore stands as Sweeney's voluntary statement. It thus appears that he now claims no contractual rights hence, under a well established rule, his first cause of action is without merit. *Cunningham v. Edward,* 52 O. App. 61, 3 N.E. (2d) 58.

The second cause of action rests upon mere mistake, i.e., Levine intended to divide his property equally between Sweeney and the Petersons and thought he had done so, but in fact did far otherwise. However, a voluntary conveyance will not be reformed in equity on this ground at the suit of a donee who is not the natural object of donor's bounty but, as here, a mere stranger. *Union Trust Co. v. Boardman,* 213 N.Y. Supp. 277; Restatement of the Law—Restitution, c. 6, §127; *Enos v. Stewart,* 138 Cal. 112, 70 Pac. 1005.

We disregard cited authorities grounded upon fraud, contractual relations, family settlements, and specific statutes, as clearly not in point.

No attempt is made to state a cause of action against the bank, or Mrs. Peterson, and as to Peterson we think, for the reasons stated, the attempt failed. The demurrers were properly sustained.

The judgment is affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE KNOUS concur.