NANCY W. GROOVER *et al.*, plaintiffs in error, *vs.* JAMES KING, defendant in error.

1. The record in this case does not furnish any clear evidence of error in the refusal to grant a new trial.

2. If, upon a bill by several complainants against one defendant, brought to recover a tract of land from the defendant, and to make partition thereof among the complainants, the jury find for the complainants (upon the condition of their paying to the defendant a certain sum of money) seven-ninths of the premises, and for the defendant two-ninths, the verdict sufficiently disposes of the issues in the case, although it is silent as to partition and omits to provide for the sale of the land.

3. The scheme of relief contemplated and provided for by such a verdict is, that the complainants, upon making the payment within a reasonable time, are to be admitted as tenants in common with defendant, they with an interest of seven-ninths, and he with an interest of two-ninths; and, upon failure to make such payment in a reasonable time, their right to be so admitted ceases, and the defendant retains the land as sole owner, free from all claim to it by complainants.

4. The decree rendered should have been in conformity to the verdict thus construed; and it is still competent to render such decree, which ought, likewise to define what is a reasonable time, under all the circumstances of the case; and, as a guide to the determination of this question, the chancellor should hear evidence for himself, or refer the question to a jury, according to his discretion.

5. It was error, in decreeing upon such a verdict, at the instance of the defendant, to declare the complainants do recover seven-ninths, and the defendant two-ninths of the premises, that the defendant have and recover of the complainants the said sum of money, and that execution issue for the same, to be levied upon the complainants' seven-ninths of the land.

New trial. Verdict. Decree. Partition. Before Judge STROZER. Brooks Superior Court. November Adjourned Term, 1874.

A report of this case is unnecessary.

J. G. McCALL; J. L. SEWARD; A. T. McINTYRE; PEEPLES & HOWELL, for plaintiffs in error.

J. R. ALEXANDER, by A. W. HAMMOND & SON; H. G. TURNER, for defendant.

BLECKLEY, Judge.

The case was tried by a judge from another circuit. Time was given for acting on the motion for new trial, but it was not presented for action within the time allowed. Excuse was offered for the delay, but it was deemed insufficient. The motion was finally acted on and refused, at a subsequent term of the court, by a judge who did not try the case and knew nothing of the charges of the court complained of. We do not see that he erred.

All other points ruled upon by this court may be sufficiently understood from the head-notes. The complaint that the verdict did not provide for partition is no reason for setting the verdict aside. The partition which the bill prayed for was partition among the *complainants,* not between them and the defendant. In such a partition as that, the defendant had no interest, and it was consequently not an essential issue in the litigation.

The decree made on the verdict was erroneous, and for that reason the judgment, as to it, is reversed.

Judgment reversed.