## TURNER v. NEWELL et al.

1. Where, in a suit against two codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error. *Ruffin* v. *Paris*, 75 *Ga.* 653; *Jordan* v. *Gaulden*, 73 *Ga.* 191.

2. As a general rule equity will not, upon petition brought by the grantee in a voluntary deed, reform and correct the same. There are cases which constitute an exception to this rule, but the case at bar does not fall within the exceptions; and the general demurrer of the judgment creditor, whose judgment was obtained after the execution of the deed and before the filing of the petition to reform it, and who had been made codefendant with the grantor, should have been sustained.

Argued April 23,—Decided August 12, 1907.

Equitable petition. Before Judge Freeman. Carroll superior court. June 27, 1906.

Fannie E. Newell, for herself and as next friend for several named minor children, filed a petition against W. L. Newell, the husband of petitioner, and R. F. Turner. The petition alleges, that on the 31st day of March, 1899, W. L. Newell executed to petitioner and said minor children a deed to a certain tract of land, but that, owing to a mistake on the part of the scrivener, the land which was sought to be conveyed by the parties to the deed was not correctly described therein; that subsequently to the execution of the deed, and possession of the property by the plaintiff, W. L. Newell became indebted to R. F. Turner, and on the 24th day of July, 1902, the latter recovered a judgment against W. L. Newell upon said indebtedness, and a fi. fa. having been issued upon said judgment on the 18th day of August, 1902, the same was levied upon the land claimed by plaintiff under the above-mentioned deed. Petitioner prayed that the deed from W. L. Newell to her and the minor children be so reformed as to properly describe the property sought to be conveyed thereby, and that R. F. Turner be restrained and enjoined from proceeding with the levy of said fi. fa. on the land. The defendant Turner filed a general demurrer to the petition, and also demurred on the ground that the consideration of the deed referred to in the petition is not alleged or set out. The defendant Newell did not demur or plead. The court overruled the demurrer, and

Turner filed exceptions pendente lite. It appears from the deed which the plaintiffs sought to have reformed that it was a voluntary conveyance, the only consideration being "the natural love and affection which he [the grantor] has for his wife and three children." On the trial the jury returned a verdict finding in favor of the plaintiffs, that the deed be reformed as prayed for, and that the land was not subject to the fi. fa. Turner made a motion for a new trial, which was overruled, and he excepted. The defendants in error moved to dismiss the writ of error, because W. L. Newell was not made a party to the bill of exceptions.

*W. F. Brown,* for plaintiff in error. *S. Holderness,* contra.

BECK, J. (After stating the facts.)

1. The question of practice raised by the motion to dismiss is ruled in the first headnote.

2. But one question made by the record in this case need be discussed, and that is whether equity will reform a voluntary deed upon proceedings therefor brought by the grantee. And the principle controlling that question seems to be well settled by the adjudications of this and other courts, and to be so recognized by text-writers. That principle is set forth in Story's Eq. Jur., § 987: "The general principle is established that in no case whatsoever will courts of equity interfere in favor of mere volunteers, whether it be upon a voluntary contract or a covenant or a settlement, however meritorious may be the consideration, and although they stand in the relation of wife or child;" quoted and applied by the Supreme Court of Michigan. Shears *v.* Westover, 110 Mich. 505, 68 N. W. 266, following another case decided by the same court. See also the cases of Wait *v.* Smith, 92 Ill. 385; Eaton *v.* Eaton, 15 Wis. 259; Enos *v.* Stewart (Cal.), 70 Pac. 1005; Gwyer *v.* Spaulding, 33 Neb. 573, 50 N. W. 681. In the case of *Powell v. Powell,* 27 *Ga.* 36, 73 Am. D. 724, it was said: "Is there anything to take his case out of the general principle? It is said that there is. It is said in the first place, that the case of a voluntary conveyance in favor of a wife or children is an exception to that principle. But we are not prepared to admit this proposition. The English decisions seem to be against it. See 1 Stor. Eq. sec. 176, and cases cited; Adams' Equity, 78." Jackson, C. J., speaking for the court, in the case of *Prater* v. *Sears,* 77 *Ga.* 28, touching the question of the reformation of a voluntary

deed, said, "On the face of the accepted conveyance, it is a mere voluntary deed; on the contract sought to be set up, it is a binding deed for value. The other side to it is dead. If a mere voluntary conveyance, a mistake in it will not be corrected against heirs, which is the case here, nor will a specific performance of it, when corrected, be decreed."

Counsel for defendant in error insisted, that, as the grantees had gone into possession of the lands the description of which is sought to be corrected and reformed, the contract was executed, and that therefore they are entitled to the relief prayed; and rely upon the case of *Wyche* v. *Green,* 16 *Ga.* 49, in which the court held that "If a voluntary contract, however, be actually executed, then a court of equity will enforce all of the rights growing out of the contract against anybody." But a clear distinction is pointed out in *Powell* v. *Powell,* supra, between the case of *Wyche* v. *Green* and cases like the *Powell* case and the one at bar. Such a mistake as that alleged in the petition "is a mere failure in a bounty, which, as the grantor was not bound to make, he is not bound to perfect." *Adair* v. *McDonald,* 42 *Ga.* 506. The fact that the recipients of the bounty had enjoyed the benefits thereof for a period of several years gives them no stronger equitable claim upon the grantor than if they had never enjoyed them at all. If both the grantor and grantees were in the same position relatively to this as they were when the deed was executed, and the grantor was consenting thereto, we could produce authority for holding that the deed might be reformed and corrected by a court of equity; but before the proceedings were instituted to reform the instrument in question, a judgment had been obtained by the plaintiff in error against the grantor, which created a lien in favor of the former upon all the property of the latter. For the grantor to consent to the correction and perfection of an incorrect or imperfect voluntary conveyance is an act of liberality or generosity, an act similar in its nature to the bestowal of a bounty. Such an act he is not free to perform, if it tends to interfere with the rights and just demands of a judgment creditor. We find in this salient fact a strong reason for holding that the present case is not entitled to be listed among the exceptions to the general rule that equity will not interfere to reform a voluntary deed be-

cause of mistake; and the general demurrer invoking the application of that rule should have been sustained.

*Judgment reversed. All the Justices concur.*