### 4395.  KERR v. HOLDER.

RUSSELL, J.  1. The bill of exceptions will not be dismissed because the judge certified that it was "due," instead of "true," it being manifest, from the context, that this was a mere clerical error, and that his intention was to certify that the bill of exceptions was true.

2. Where there are two defendants, one may except without the other, and it is not necessary to make the party not excepting a party to the bill of exceptions when it is apparent that his rights can not be affected in any wise by the decision of any question presented for adjudication in the writ of error.  Civil Code, § 6176; *W. U. Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859).

3. If the ruling or decision complained of as erroneous preceded the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice to give the reviewing court jurisdiction, relatively to the point under consideration.  *Lyndon* v. *Georgia Ry. & Electric Co.,* 129 *Ga.* 354 (58 S. E. 1047).

4. A note in which it is stipulated that a certain sum will be paid means that this sum will be paid in money, and neither the maker nor the indorser will be heard to plead or prove that there was a parol agreement by which the note was to be satisfied with something else than money. Civil Code, §§ 4266, 5788, *Stapleton* v. *Monroe,* 111 *Ga.* 848 (36 S. E. 428); *Brewer* v. *Grogan,* 116 *Ga.* 60 (42 S. E. 525); *American Harrow Co.* v. *Dolvin,* 119 *Ga.* 186 (45 S. E. 983); *Berendt* v. *Ripps,* 120 *Ga.* 228 (47 S. E. 595).

5. Since the contract expressed by a general indorsement by the payee of a promissory note can not be varied by oral evidence of an agreement between the parties different from that evidenced by the note itself, the trial judge in an action against the maker of such an indorsement did not err in striking a plea setting up that the note was given to the defendant for the rent of land to the maker for a certain year, and that the plaintiff, as holder of the note, permitted the maker to divert crops raised upon the land to the payment of other debts, some of them due to the plaintiff, although this debt for rent constituted a first lien upon the crops, and although the plaintiff, at the time the defendant indorsed and transferred the note to him, agreed to collect it out of the crops raised by the maker in the year for which the land was rented.                                    *Judgment affirmed.*

DECIDED JUNE 25, 1913.

Complaint; from city court of Floyd county—Judge Reece.  August 1, 1912.

*M. B. Eubanks,* for plaintiff in error.

*Lipscomb, Willingham & Wright, Nathan Harris,* contra.