### 12233. MACKLE CONSTRUCTION COMPANY *v.* HART & CROUSE COMPANY.

1. Where, in a suit against two or more defendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making any of the other defendants a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error.
2. The court did not err in any of its rulings on the pleadings, complained of in the exceptions pendente lite.
3. None of the grounds of the motion for a new trial point out any error which would require a reversal of the judgment of the court below.

DECIDED OCTOBER 6, 1921.

Complaint; from Fulton superior court — Judge Ellis. December 8, 1920.

*Norman I. Miller,* for plaintiff in error.

*George B. Rush,* contra.

BLOODWORTH, J. Only the ruling stated in the first headnote need be discussed. Hart & Crouse Company sued Mackle Construction Company, Wynne Plumbing Company, and W. H. Wynne. Mackle Construction Company alone defended. There was a verdict and judgment against all the parties. Mackle Construction Company, without joining the other defendants, made a motion for a new trial which was overruled, and it brought the case to this court for review. The defendant in error filed a motion to dismiss the writ of error "for the reason that two parties defendant in the lower court who are interested in the final determination of this cause are not made parties in this court, and were not served with the bill of exceptions herein." In *Turner* v. *Newell,* 129 *Ga.* 89 (1) (58 S. E. 657), citing *Ruffin* v. *Paris,* 75 *Ga.* 653, and *Jordan* v. *Gaulden,* 73 *Ga.* 191, it was held: "Where, in a suit against two codefendants, the

verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error." Under this ruling the motion to dismiss the writ of error is without merit and is overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*