## DURRENCE v. COWART, administrator.

1. The fact that the motion for a new trial was made on the same day upon which the verdict was rendered, and before the decree was entered and signed, affords no ground for dismissal of the writ of error.
2. Where in a suit against two or more persons the verdict and judgment are adverse to the defendants, and only one of them makes a motion for a new trial, the movant can except to the judgment overruling the motion and bring the case to the Supreme Court without making the other defendants parties to the bill of exceptions.
3. The parts of an amendment to the defendant's answer setting up a prescriptive title, and also a former adjudication, were sufficient in the absence of a special demurrer, and the court erred in disallowing those parts of the amendment. The other paragraphs of the amendment which were rejected by the court set up no meritorious defense.
4. The court having disallowed material portions of the defendant's defense as contained in the amendment offered by her, all that took place on the trial subsequently was nugatory. It is therefore unnecessary to pass upon the rulings made by the court pending the trial.

No. 4487.   JULY 14, 1925.

Equitable petition. Before Judge Sheppard. Tattnall superior court. July 7, 1924.

*E. C. Collins* and *J. T. Grice,* for plaintiff in error.

*C. L. Cowart* and *W. T. Burkhalter,* contra.

BECK, P. J.   J. L. Cowart as administrator of the estate of W. H. Waters, deceased, brought his action in Tattnall superior court against Mrs. Eugenia Durrence, Alex Waters, Jane Sands, Vashti Kicklighter, and Queen Waters (the four last named being children of Eugenia Durrence), for partition of a tract of land containing 150 acres, more or less. This action was filed in court on September 26, 1922. On February 10, 1923, Cowart, administrator, brought his action against Eugenia Durrence and one other, asking for an injunction to restrain waste; and defendants having answered this suit, it was, by consent of all parties and by order of the court, consolidated with the first case filed and both cases tried together. The two cases thus consolidated into one were tried on April 25, 1924. The plaintiff in error, Mrs. M. L. Durrence (the same person as Mrs. Eugenia Durrence), offered an amendment, which was disallowed, except as to one paragraph; and she filed her exceptions pendente lite to the disallowance of the same. When the evidence was all in, the court directed the jury to return a verdict for the plaintiff for a one-seventh interest in the 150 acres, and this the jury did; and a decree was duly

entered, based on this verdict. The plaintiff in error filed her motion for a new trial, upon the grounds stated in her original and amended motion, which motion was overruled by the court and a new trial refused; to which judgment the plaintiff in error excepted.

1. A motion is made in this court to dismiss the writ of error upon several grounds. First, upon the ground that it appears from the record that the motion for a new trial was made on the same day upon which the verdict was rendered; that is, on the 25th day of April, 1924, and the decree in the case was not rendered and signed by the court until the 30th day of April, 1924. This ground is without merit. The motion for new trial was made in accordance with the statute contained in the Civil Code, § 6089, which provides, in part, that all applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, etc. In the case of *Castellaw* v. *Blanchard,* 106 *Ga.* 97 (31 S. E. 801), after quoting the statute just referred to, this court said: "Is the word *trial* there used in its broad and comprehensive sense—'the investigation and decision of a matter in issue between parties before a competent tribunal; including all the steps taken in the case from submission to the jury to the rendition of judgment,' or is the word there used in its restricted sense —'the investigation of the matter of fact in issue?' Anderson's Law D. (trial). In our opinion the word as used in that section is to be given only its restricted meaning, that is, the sense in which it is used by Sir William Blackstone when he says: 'Trial then is the examination of the matter of fact in issue; of which there are many different species, according to the difference of the subject, or thing to be tried.' 3 Black. Com. 33. This was evidently understood by this court to be the meaning of the word when the case of *King* v. *Sears,* 91 *Ga.* 577 [18 S. E. 830], was decided. While there is no direct ruling on the point in that case, in determining whether the motion for a new trial had been filed in due time the number of days was computed from the date of the verdict, and it does not appear in the statement of facts that any judgment had ever been rendered. When it is kept in mind that the section under consideration is dealing solely with

the subject of motions for new trials, and that that is the peculiar and appropriate remedy to be resorted to when the losing party desires to have the facts of the case re-examined, it seems to be clear that the word *trial* is used in the restricted sense above referred to."

2.   The next ground relied on in support of the motion to dismiss is that there were several defendants in the case, and only one, Mrs. Durrence, the plaintiff in error, made the motion for a new trial, and that the other defendants were not joined in the bill of exceptions with the plaintiff in error. "Where, in a suit against two codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error. *Ruffin* v. *Paris,* 75 *Ga.* 653; *Jordan* v. *Gaulden,* 73 *Ga.* 191." *Turner* v. *Newell,* 129 *Ga.* 89 (58 S. E. 657). This ruling is supported by other decisions and is controlling upon this point. For the foregoing reasons the motion to dismiss the writ of error on the ground stated is without merit.

3.   Pending the trial of the case, the plaintiff in error offered the following amendment to her answer theretofore filed:

"1.   That her title to the premises in dispute has, if ever defective, become a perfect title by prescription, in that this defendant, together with her husband, Simon A. Waters, have been in open, adverse, peaceable, and continuous possession, under claim of right, of the premises in dispute since same were conveyed to said Simon A. Waters by J. P. Waters et al. in 1880; and also because said premises were set aside to this defendant as a year's support as widow of Simon A. Waters in 1886, since which time she has held same adversely and continuously under said right of year's support, all of which was more than seven years before any of the suits of plaintiff were instituted or begun.

"2.   That the rights of plaintiff as to said property, or 100 acres thereof, claiming as heirs at law of J. W. Waters, deceased, have been adjudicated by an action in ejectment heretofore filed in this court by Jno. W. Waters, administrator of Jno. W. Waters, deceased, against this defendant, filed to the January term, 1917,

43

and finally determined by verdict in favor of this defendant on January 11, 1919, which suit involved the 100 acres of the land in dispute, and in which said John W. Waters, administrator of John W. Waters, represented all heirs of John W. Waters, deceased, including the plaintiff. Copy of which proceedings, which are voluminous, is not attached, but tendered herewith to the court.

"3. That plaintiff has no right and title to said property, because same, if any ever existed, has been transferred to J. L. Cowart individually and W. T. Burkhalter, and they now own same, if any one does besides defendant, which defendant denies.

"4. That there is no necessity for the suit for recovery of the plaintiff administrators, and no right therefor under the law.

"5. Defendant further amends by alleging that the improvements upon said property erected by this defendant since her possession in good faith amount to at least $5,000.00 to $6,000.00, and defendant hereby changes the amount of said improvements as alleged in the original plea from $4,000.00 to $5,000.00 to $6,-000.00."

This amendment was accompanied by an affidavit that complied with the requirements of the Civil Code, § 5640, which relates to the verification of an amendment to an answer of the defendant. It does not appear that there was any special demurrer to the amendment or any paragraph thereof, but the court passed an order allowing the fifth paragraph and disallowing the others. This order, which disallowed paragraphs 1 and 2 of the amendment, was error. We are of the opinion that the paragraphs setting up a prescriptive title in defendant should have been allowed; and the paragraph setting up a former adjudication was in itself sufficient, in the absence of a special demurrer. If, in order to perfect the plea of res adjudicata, further allegations as to the record and judgment were desirable and necessary to render that plea sufficiently definite, they should have been called for by special demurrer. In this part of the amendment the defendant sets up that the rights of the parties had been adjudicated in an action of ejectment theretofore filed in the same court in which the present case is pending by John W. Waters, administrator, etc., of J. W. Waters, deceased, against the demurrant, filed to the January term, 1917, and finally determined by a verdict in favor of this defendant on January 11,

1919, and that that suit involved the property in dispute, and that the plaintiff in that suit represented all the heirs of John W. Waters, including the plaintiff in the instant case. It makes profert of the proceedings, and excuses failure to attach on the ground that the record of the proceedings is voluminous. The disallowance of these paragraphs of the amendment was excepted to in certain grounds of the motion for a new trial; and counsel for defendant in error in their brief call attention to the well-settled practice, that the disallowance of an amendment to a plea can not be made a ground of a motion for a new trial. This has been uniformly held. But while the disallowance of these paragraphs of the amendment is made a subject of criticism in the motion for new trial, they were also properly excepted to in a bill of exceptions filed pendente lite, and exceptions on this pendente lite bill of exceptions are made in the direct bill of exceptions and are argued in the brief of counsel for plaintiff in error.

Paragraphs 3 and 4 of the amendment are without merit, and the court did not err in disallowing them.

4. The court having disallowed material portions of the defendant's defense as contained in the amendment offered by her, all that took place on the trial subsequently was nugatory. It is therefore unnecessary to pass upon the rulings made by the court pending the trial.

*Judgment reversed. All the Justices concur.*