### 16357. FENNELL *v.* DAVIS, l. c., for use, etc.

JENKINS, P. J. In this case a counter-affidavit to the foreclosure of a laborer's lien was filed, and the defendant, without giving a replevy bond as authorized by law, gave a forthcoming bond payable to the sheriff, and under it kept the property levied on. On the return of the execution for trial, the counter-affidavit was dismissed, and, the judgment never having been excepted to, the execution was returned to the levying officer as final process. Upon the failure of the defendant to produce the property at the time and place advertised for the sale, a suit was brought in the superior court for the amount of the judgment against the principal and the surety on the forthcoming bond, and a verdict was directed against the defendants. It was admitted by both defendants in their answers that the property was worth the amount of the execution and costs at the time the bond was given. Evidence was introduced by the plaintiff to effect that the levying officer to whom the bond was made payable had made demand for the property; and that the same was refused. The principal in the bond admitted that such demand had been made on him, and that he did not deliver the property to the officer. This was all the evidence introduced. The principal in the bond brings his exceptions to this court, assigning error on the judgment directing such verdict, on the ground that the court erred in "not permitting the jury to pass on the case, and also that the evidence in the case did not justify such verdict, and that the verdict is without evidence to support it." *Held:*

1. "Where in a suit against two codefendants the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error." *Turner* v. *Newell,* 129 *Ga.* 89 (58 S. E. 657); *Ruffin* v. *Paris,* 75 *Ga.* 653; *Jordan* v. *Gaulden,* 73 *Ga.* 191; *Mackle Construction Co.* v. *Hart,* 27 *Ga. App.* 405 (1) (108 S. E. 818). Accordingly, the motion to dismiss the bill of exceptions on the ground that another codefendant is not a coplaintiff in error must be overruled.

2. "In a proceeding to foreclose a mortgage on personalty, the fact that a dismissal of the counter-affidavit was caused by the plaintiff, on the ground that the bond given by the defendant and his surety did not meet the statutory requirements, does not preclude the plaintiff from maintaining an action on the bond as a common-law contract, where the defendant has obtained a substantial benefit under the bond by receiving and withholding the property involved." *Paxson* v. *Planters Warehouse &c. Co.,* 20 *Ga. App.* 267 (1) (92 S. E. 1023).

3. While a summary judgment can not be entered on such a forthcoming

bond, as in cases involving replevy bonds, or bonds conditioned for the payment of the eventual condemnation money, yet where a suit was brought in the name of the levying officer against the principal and surety on such a bond, and there was no dispute as to any of the essential facts necessary to a recovery, it being admitted by the defendants in their plea that the property was worth the amount of the execution at the time the bond was given, the court did not err in directing a verdict in favor of the plaintiff for the full amount sued for.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1925.

Complaint on bond; from Laurens superior court—Judge Camp. January 28, 1925.

*W. A. Dampier,* for plaintiff in error. *S. P. New,* contra.

*Judgment affirmed. Stephens and Bell, JJ., concur.*