BROWN v. HUSKAMP

(139 S. E., 181)

1. Sales—Plaintiff in Action on Motor Truck Purchase-Money Note Held Entitled to Directed Verdict.—Plaintiff in action on note given for truck, later repossessed in claim and delivery action, *held* entitled to directed verdict as against claim that defendant was fraudulently promised employment in sufficient amount to pay one-half of purchase price of truck; money being sole medium of payment in absence of contrary agreement.

2. Payment—Money is Sole Medium of Payment in Absence of Contrary Agreement.—In the absence of any agreement to the contrary, money is the sole medium of payment.

3. Judgment—Judgment Overruling Defenses in Replevin for Truck Held Res Judicata on Such Defenses in Subsequent Action for Balance on Purchase-Money Note.—Judgment for plaintiff in claim and delivery action to recover possession of truck after nonpayment of purchase price, denying defendant's claims that purchase was induced by false promise of employment and that seller repossessed truck and used it as his own, thereby diminishing its value to defendant's damage, *held res judicata* in subsequent action

---

Note: As to money being sole medium of payment in absence of agreement to the contrary, see 21 R. C. L., 37; 3 R. C. L. Supp., 1133; 5 R. C. L. Supp., 1141; 6 R. C. L. Supp., 1251.

Identity of parties essential element in *res judicata,* see 15 R. C. L., 1012; 4 R. C. L. Supp., 1032; 5 R. C. L. Supp., 521; 6 R. C. L. Supp., 943.

for balance due on note given for truck wherein defendant set up same defenses.

4. JUDGMENT—IDENTITY OF PARTIES, SUBJECT-MATTER, AND LEGAL ISSUE DETERMINED ARE ESSENTIAL ELEMENTS OF "RES JUDICATA."—The essential elements of "*res judicata*" are identity of parties, identity of subject-matter, and an adjudication in the former suit of the precise question sought to be raised in the second suit.

Before WYCHE, Special Judge, Oconee, March, 1924. Reversed, with directions.

Action by Arthur Brown against W. J. Huskamp. Judgment for defendant, and plaintiff appeals.

*Messrs. Herndon & Thompson,* for appellant, cite: *In absence of agreement to the contrary, money is the sole medium of payment:* 21 R. C. L., 37; 22 A. & E. Enc. L., 538; 30 Cyc., 1187; 9 Rich., 31, 36; 21 L. R. A., 753, 754; 11 L. R. A., 740; 78 S. E., 682. *Parol evidence not admissible to vary terms of written contract:* 83 S. C., 204; 117 S. C., 60, 64, 66; Id., 388; 118 S. C., 404; 120 S. C., 211; 123 S. C., 534, 538; 128 S. C., 79. *Counterclaim, when pleaded:* 105 S. C., 137, 141; Sec. 542, Code Civ. Proc.; 93 S. C., 99; 26 Stat., 161; 128 S. C., 112; 118 S. C., 470. *Where debtor fails to make delivery of commodity specified for alternate performance, his right of election is gone, and agreed sum becomes payable in money:* 22 A. & E. Enc. L., 543; 1 Bail., 136; 21 R. C. L., 54; 30 L. R. A., 765; 130 S. C., 269. *After condition of mortgage is broken, title vests in mortgagee:* 120 S. C., 221; 130 S. C., 531, 532. *Use of truck by plaintiff before sale would not amount to conversion:* 101 S. E., 212; 47 L. R. A. (N. S.), 835; 23 R. C. L., 907; 45 L. R. A. (N. S.), 40; 28 A. & E. Enc. L., 680; 130 S. C., 531; 115 N. W., 955; 34 Cyc., 1459. *Conversion of a portion of mortgaged chattels does not extinguish debt:* 108 S. C., 431, 435; 73 S. C., 403, 406. *Improper for Court to allow verdict to stand which finds no support in the evidence:* 81 S. C., 24, 32. *Terms of contract must be definite to be enforced:* 6 R. C. L., 643. *Court will*

*not enforce a part of an entire contract, nor make a new agreement for the parties:* 7 A. & E. Enc. L., 116. *Duty of one to mitigate damages caused by the negligence of another:* 85 S. C., 430, 433. *Agency a question of fact for jury:* 113 S. C., 499, 501; 114 S. C., 488, 490; 128 S. C., 470, 474; 105 S. C., 491; 129 S. C., 400. *Letters received in due course of mail in response to letters sent by receiver presumed to be letters of person whose name is signed thereto:* 22 Ency., 1256; 10 R. C. L., 878; 2 R. C. L. Supp., 1097; 31 A. L. R., 1441; 216 Pac., 91; 22 C. J., 94; 75 S. C., 342, 344; 17 L. R. A. (N. S.), 229; 9 A. L. R., 981; 102 S. E., 480.

*Messrs. M. C. Long* and *Shelor & Hughes,* for respondent.

August 24, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

On the 17th day of July, 1920, the defendant made and delivered to plaintiff his note for the purchase money of an Oldsmobile Economy truck, and on the same day, for the purpose of securing the payment of the note, he executed and delivered to the plaintiff his chattel mortgage on the truck purchased, and also on one 1919 Oldsmobile touring car. No part of the debt was paid at maturity, and on the 4th day of May, 1921, the plaintiff commenced action of claim and delivery against defendant, for the property covered by the chattel mortgage, and thereafter recovered judgment against defendant for the possession of the truck, and first sold the truck on the 1st day of July, 1921, before judgment in the claim and delivery action had been recovered, but after the truck had been seized in the claim and delivery proceedings. The truck, at the first sale, was bid in by the plaintiff at the price of $300. After judgment was recovered, plaintiff again sold the truck, which was bid in again by him at

the price of $300. The credit entered on the note is for this $300, realized from sale of the truck. No other payments have ever been made to the plaintiff by defendant.

On the 4th day of September, 1922, the present action was commenced upon the note for the balance due after credit of sale price of $300 for the truck. In the present action the defendant set up as a first defense a general denial, and, as a second defense, that he·was induced by fraud and artifice to purchase the Oldsmobile truck, under an agreement with the defendant that he would be allowed to haul sand and rock in sufficient amount to pay one-half of the purchase price of the truck. As a third defense, defendant alleged that on or about the 4th day of May, 1921, plaintiff in claim and delivery action seized the truck from defendant, and used it as his own, and diminished its market value, whereby defendant was damaged to the extent of $1,200. Plaintiff replied, setting up general denial to defendant's alleged counterclaims, and further alleged that the matters set out in the second defense were *res adjudicata,* having already been adjudicated· in the claim and delivery action between the same parties. In the prior action of claim and delivery, the plaintiff obtained possession of the truck described in the chattel mortgage, but the Oldsmobile touring car was taken by the Enterprise Bank, under a prior mortgage made by defendant to the Enterprise Bank.

At the close of the evidence plaintiff moved for a directed verdict, which was refused. The exceptions are numerous, 31 in number.

We think that the plaintiff under the evidence and 1, 2 the law was entitled to a direced verdict. Exceptions 1, 2, 3, 4, 5, and 6 are well taken. "In the absence of any agreement to the contrary, money is the sole medium of payment." 21 R. C. L., 37; *Kerr v. Holder,* 13 Ga. App., 9; 78 S. E., 682; *Cline v. Farmers' Oil Mill,* 83 S. C., 204; 65 S. E., 272.

Defendant's counterclaim of alleged damages, set up in second defense, is *res adjudicata.* *Greene v. Washington,* 105 S. C., 137; 89 S. E., 649; Code of Civil Procedure 1922, § 542; *Woodruff Machinery Mfg. Co. v. Timms,* 93 S. C., 99; 76 S. E., 114.

In the transcript of record in the prior action of claim and delivery, defendant set up the same defense as he does in this action.

In the case of *McConnell v. Davis, Dir. Gen.,* 128 S. C., at page 112; 122 S. E., 400, the Court uses this language:

"The doctrine of the question of *res judicata* has been followed since the case of *Hart v. Bates* [17 S. C., 35], these being: (1) identity of parties, (2) identity of subject-matter, and (3) identity of legal issue determined."

The essential elements of *res adjudicata* are identity of parties, identity of the subject-matter, and an adjudication in the former suit of the precise question sought to be raised in the second suit.

"If identity of parties and identity of causes of action have been established, the former adjudication is conclusive, not only of the precise issues raised and determined, but of such as might have been raised affecting the main issue, but if the identity of the parties has been established, but the identity of the causes of action has not, any issue appearing to have been actually adjudicated in the former suit is conclusive upon the parties in the subsequent action." *Johnston-Crews Co. v. Folk,* 118 S. C., 470; 111 S. E., 15.

Upon the whole testimony, the plaintiff was entitled to a directed verdict, and the judgment is reversed with direction to the clerk of Court of Oconee County to enter up judgment for the plaintiff, under Rule 27 of this Court.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.