24662.   LOGUE *v.* HOLLEMAN.

Decided October 26, 1935.

*Grady Gillon,* for plaintiff in error.   *Edward F. Taylor,* contra.

JENKINS, P. J.   1.   While it is true, under the Code of 1933, § 6-1202, that all persons who are interested in sustaining the judgment of the trial court, or who would be affected by a judgment of reversal in the appellate court, must be made parties to the bill of exceptions (*Poslon* v. *Durham,* 177 *Ga.* 870, 171 S. E. 870; *Malsby* v. *Shipp,* 177 *Ga.* 54, 169 S. E. 308; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552, 168 S. E. 316), yet it is also well settled that "where in a suit against two or more persons the verdict and judgment are adverse to the defendants, and only one of them makes a motion for a new trial, the movant can except to the judgment overruling the motion and bring the case to the [appellate] court without making the other defendants parties to the bill of exceptions." *Durrence* v. *Cowart,* 160 *Ga.* 671 (2), 673 (129 S. E. 26); *Turner* v. *Newell,* 129 *Ga.* 89 (58 S. E. 657), and cit.   See also *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.*

64, 67 (169 S. E. 491), and cit. Accordingly, where a defendant tenant in a dispossessory-warrant proceeding filed the statutory bond with security, and a verdict and judgment were rendered against him and his surety, but he alone prosecuted a motion for new trial, the surety is not a necessary party to a bill of exceptions sued out by the tenant to review the judgment denying a new trial, and the writ of error is not subject to dismissal because the surety was not joined as a party. See *Crawford* v. *Jones,* 65 *Ga.* 524 (2); *Morse* v. *Turner,* 20 *Ga. App.* 108, 111 (92 S. E. 767), and cit.; *Lawrence* v. *Lee's Dept. Store,* 48 *Ga. App.* 271 (172 S. E. 471), and cit.

2. In this dispossessory-warrant proceeding, the record and undisputed evidence show that the plaintiff rented to the defendant a dwelling-house and farm of twenty-five acres at an agreed yearly rental of one half the crop thereon; that the defendant went into possession about December 1, 1933, and paid no rent; that the defendant abandoned the land, but retained possession of the house and one acre surrounding it until about November 1, 1934; that the plaintiff demanded possession the day before the dispossessory warrant was issued on April 18, 1934; and that the reasonable rental value of the property was $3 a month for the house and $3 an acre a year for the land. The plaintiff testified that he had used four acres of the land, but had no use for the remainder, and was unable to rent it without the house, the possession of which the defendant retained without his consent. The evidence was in conflict as to whether the rental contract was breached by the defendant in March or April, 1934, by his refusal to work and make a crop, or, under the defense of the counter-affidavit, was breached by the plaintiff by failing to furnish agreed supplies to make the crop. The evidence was also conflicting as to whether the plaintiff made a settlement with the defendant, in which he agreed that the defendant give up the land but retain possession of the house and a surrounding acre of land without rental for the rest of the year. The defendant testified that he had surrendered to the plaintiff all the property except the retained portion, and that the plaintiff actually used part of the land. The jury found in favor of the plaintiff $50 as double the rental value of the property. The tenant excepted on the general grounds, and to instructions to the jury, that, if the defendant breached the rental contract without

fault of the plaintiff, the plaintiff would be entitled to the dispossessory warrant and to the reasonable rental of all the property, "less whatever extent the plaintiff may have lessened the damages or should by the exercise of ordinary care have lessened the damages; our law being, where by a breach of contract or negligence one is injured, he is bound to lessen the damage as far as practicable by the use of ordinary care and diligence." The defendant contends that these instructions were error, because, under the undisputed evidence, twenty-four acres of the land were not illegally withheld from the plaintiff, and the court should have limited the charge to the issue of possession of the house alone; and because, there being no duty on the plaintiff to lessen the damages with regard to the four acres of land which he used, the charge of this principle of law was erroneous, confusing to the jury, and deprived "the defendant of his defense that he had surrendered and abandoned" the land. *Held:*

(*a*) The evidence being in dispute, the verdict for the plaintiff was authorized.

(*b*) The instructions complained of were erroneous, in so far as they required the jury to find double the rental value of the entire property less only the four acres of land which the plaintiff actually used. If no issue is raised by a tenant as to whether he surrendered part of the rented property, and retained actual physical possession of only a part, it has been held that the tenant would be presumed to have had possession of and be chargeable with double rent for the entire property, and it would be erroneous to submit to the jury the question of divisible possession and rental. *Jones* v. *Blackwelder,* 146 *Ga.* 238 (2), 240 (91 S. E. 45). But the holding in that case was qualified by the condition, "in the absence of proof that a portion of the premises had been turned back to and received by the landlord, or that the latter had retaken possession of a part thereof." See also *Stanley* v. *Stembridge,* 140 *Ga.* 750 (5, 6) (79 S. E. 842); *Hamilton* v. *McCroskey,* 112 *Ga.* 651, 653-655 (37 S. E. 859); *Jones* v. *Blackwelder,* 143 *Ga.* 402 (1-3) (85 S. E. 122); *Weaver* v. *Roberson,* 134 *Ga.* 149 (2), 157, 158 (67 S. E. 662); *Talley* v. *Mitchell,* 138 *Ga.* 392, 397 (75 S. E. 465); *Shehane* v. *Eberhart,* 30 *Ga. App.* 265 (117 S. E. 675); *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (106 S. E. 212). In the instant case, the tenant having set up in his counter-affidavit

the defense, which was supported by his testimony, that he had surrendered all of the twenty-five acres of land except one acre with the dwelling-house, it was error for the court in effect to require the jury to assess against the defendant double the rental value of the entire twenty-five acres less only four acres, if they found for the plaintiff. There was evidence that the defendant retained possession of no land except one acre with the house. There was no dispute that the time of possession of the house and the acre of land, after demand, was six months and thirteen days. No question is raised as to the measure of recovery, under the Code of 1933, § 61-305, being, as fixed by the judge's charge, double the value of the rent of the premises, applicable to a tenant at will or sufferance. It was undisputed that the rental value of the house was $3 a month, and of the land $3 an acre a year. The rental value of the part of the property remaining in uncontroverted possession of the defendant for the period stated was thus $19.30 for the house and $1.61 for the land, a total of $20.91, double which would be $41.82. The erroneous instructions affecting only the small difference between this amount and the $50 recovered, if the plaintiff will write off the $8.18 illegal excess at or before the time the remittitur is made the judgment of the court below, the judgment is affirmed; otherwise reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*