GRAY *et al.* v. JUNCTION CITY MANUFACTURING CO.

34

No. 14346.   November 17, 1942.

*John A. Smith* and *R. S. & C. W. Foy*, for plaintiffs in error.
*John G. Cozart* and *Homer Beeland*, contra.

DUCKWORTH, Justice. ■ The first special ground of the motion for a new trial sets forth an excerpt from the charge to the jury, where the contentions of the parties are stated, on the grounds, that the charge is argumentative in that the plaintiff's contentions are more fully given; that it is confusing, in that the expressions "the plaintiff alleges" and "the plaintiff shows" are used therein; and that the charge does not express the contentions of the parties with equal fairness. The trial judge appended the following note to this ground of the motion: "By reference to the

pleadings in the case and the charge of the court it will be seen that in my charge to the jury I stated with equal fairness the contentions of the plaintiff as well as of the defendant. No request for further instructions was made." Ground 3 complains of an excerpt from the charge, where the court instructed the jury that if they should make certain findings from the evidence they should return a verdict in favor of the defendants. This charge is assailed on the ground that in fact there was no contention of the defendants and no evidence upon which to base the charge that Morton ever established any line between these lands, and that the right of the defendants to prevail did not depend upon the existence of a line run by Morton. The judge appended a note quoting portions of the defendants' answer where it is averred that there is no line except the Morton line, that the defendant Mrs. Brown has agreed to no dividing line except the line run by Morton, and that this line is the true line. The note also recites that Morton, as a witness for the defense, testified that he ran a line between lands owned by the plaintiff and Mrs. Brown; that counsel for the defense argued to the jury that the true dividing line was that run by Morton, and not the Williams line; and that the charge complained of was based upon such averments, evidence and argument. The motion was approved by the judge, "subject to the notes appended to grounds 1 and 3." This record contains no charge of the court, and none was specified by the plaintiffs in error.

In *Mims* v. *Mims,* 151 *Ga.* 330 (106 S. E. 279), it was said: "Where the special grounds of a motion for new trial complain of certain recited charges of the court to the jury, it is the duty of the judge either to approve or to disapprove these grounds, and not to approve them in a conditional manner, so as to require the Supreme Court to examine the entire charge to ascertain whether the charges set out in the grounds of the motion are correctly stated or not." The explanatory note in that case stated: "As to what the evidence was, see brief of evidence;" and as to what the charge was, "reference is made to charge of the court." This court said: "Such approval was not unconditional, and under the rule laid down above the court did not approve the amended grounds of the motion for new trial as correct without qualification, but such action on the part of the judge amounted to a disapproval of the grounds as stated, leaving it to the Supreme Court by com-

paring the evidence stated in the motion with the brief of the evidence, and the charges set out in the motion with the general charge, to ascertain whether such grounds contained correct excerpts from the brief of evidence and the charge of the court; and under such an entry this court can not undertake to pass upon the grounds of the motion dependent upon such alleged evidence and charges." In the present case the qualifying notes of the judge make it necessary to examine the evidence, the pleadings, and the general charge, in order to determine whether or not the grounds as set forth by the movant are true. In *Perdue* v. *State*, 126 *Ga.* 112 (13) (54 S. E. 820), it was said: "Where a note to a ground of a motion for new trial is such as substantially to deny its correctness, and to decline to certify as to the contents of a record which movant claimed was admissible in evidence, the ground can not be considered." The notes to special grounds 1 and 3 of the present motion deny the correctness of the grounds, and refer to the general charge, pleadings, and evidence, for proof as to the truth of such grounds. In *Hatcher* v. *State*, 176 *Ga.* 454 (4) (168 S. E. 278), it was said: "A ground of a motion for new trial, in order to be considered by the Supreme Court, must be approved without qualification." The ground there complained because the court, in the presence of the jury, exhibited a newspaper headline that was prejudicial, and alleged that it was so held that the jury could not help seeing the same. The note by the judge recited that he did hold the newspaper substantially as contended, and that it contained the headline complained of, "but the court can not certify that any juror saw the headlines." That ground was held not to be unconditionally approved, and this court refused to consider it. It follows that special grounds 1 and 3 of the motion for new trial in the present case, not being unqualifiedly approved, are insufficient, and will not be considered.

■ Ground 2 of the amendment to the motion complains of an excerpt from the charge, where the court instructed the jury that in the event they should find from the evidence, and the rules of law given in charge, that the true dividing line was as claimed by the plaintiff, that is, the line that was run and surveyed by Williams, and was agreed to by Mrs. Brown and was acquiesced in by the owner for seven years, they should find for the plaintiff; that if Mrs. Brown acquiesced in and agreed that what was known as

and was spoken of as the Williams line was the dividing line between the parties when the defendant Gray purchased the timber rights from Mrs. Brown, her agreement would be binding on him, and he would take just such as was represented on the west side of that dividing line. The criticism of this charge is, (a) that the court assumed as true that a line was surveyed and run by Williams, and that it was known and spoken of as the Williams line, when the main issue in the case was whether or not such a line existed; and (b) that the assumption of such to be true was an expression of opinion by the court that such line had been established by the evidence. The language of the charge excepted to is not susceptible of the construction placed thereon by movants. The references to the Williams line are preceded by the instruction that "in the event, after considering the evidence in this case and the rules of law that the court has given you in charge, that the true dividing line is as claimed by plaintiff." While the court did not follow the word "event" with the words "you should find," it is obvious, and was manifestly obvious to the jury, that the judge meant that if the jury should make such finding, they should do so by considering the evidence and the charge of the court. There is no language in the charge that would authorize a construction to the effect that the court was undertaking to state any fact or any evidence in the case. On the contrary, it directed the jury to base any finding solely upon the evidence and the law. There is no merit in this ground.

■ The remaining assignment of error on the exceptions pendente lite raises the question whether or not the decree as entered was authorized by the verdict. "A decree is the judgment of the judge in equitable proceedings upon facts ascertained." Code, § 37-1201. "A superior court shall have full power to mould its decrees so as to meet the exigencies of each case; and shall have. full power to enforce its decrees when rendered." § 37-1203. In equity cases, upon the request of either party, made after the same is called for trial and before the beginning of the introduction of evidence, the presiding judge shall instruct and require the jury to find a special verdict of facts only; and upon such special verdict the presiding judge shall make a written judgment and decree in the cause. § 37-1104. The exceptions pendente lite recite that the court expressly withdrew from the consideration of

the jury all issues except that of damages; and no question is here raised as to the legality of the court's action in this regard. Involved in the case as made by the pleadings were prayers for decree of title to the strip of land in controversy, judgment in damages for continuing trespass by the defendants upon this strip of land, and injunction to prevent the continuance of such trespass. From the pleadings and the evidence the line as contended for by the plaintiff must be found to be true; else there was no trespass and no damages. Therefore a finding of fact by the jury that a trespass had been committed necessarily was a finding that the plaintiff had title to the strip of land in controversy. In *Westberry* v. *Reddish,* 178 *Ga.* 116 (3) (172 S. E. 10), it was said: "In molding a decree upon the jury's verdict upon the facts, the chancellor has a very broad discretion in determining what steps shall be taken to secure the enforcement of the rights awarded by the verdict, to the end that equity may afford adequate and complete relief. This discretion will not in any case be controlled, unless it is manifest there has been an abuse of discretion in a material matter." The decree of a court of equity must in every case follow the verdict, and may not embrace questions which the verdict does not cover. *Groover* v. *King,* 55 *Ga.* 243; *Lyons* v. *Planters Loan & Savings Bank,* 86 *Ga.* 485 (7) (12 S. E. 882, 12 L. R. A. 155). It is true that every fact requisite to a full and final decree on the whole merits of the controversy should be disclosed by the questions of fact submitted by the judge, and the answers thereto by the jury. *Metropolitan Life Insurance Co.* v. *Saul,* 189 *Ga.* 1 (14) (5 S. E. 2d, 214); *Fleming* v. *Collins,* 190 *Ga.* 210 (4) (9 S. E. 2d, 157); *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d, 58). This rule was complied with in the present case when the jury was required to make a finding on the sole issue of damages. Under the pleadings, if the plaintiff was not the owner of the strip of land in controversy, then it could not be damaged if the defendants cut the timber thereon as alleged by the plaintiff. In order for the jury to make a finding that the plaintiff was entitled to recover damages, they were compelled to find under the pleadings that the plaintiff owned the strip of land in controversy, and that the defendants were guilty of trespass thereon. Therefore when the jury by their verdict determined the issue of fact submitted, they also determined the other issues

necessarily involved in making that verdict. The decree follows the verdict, and was demanded by the pleadings.

*Judgment affirmed. All the Justices concur.*