## MOONEY *v.* SHELFER; SHELFER *v.* CAMP *et al.*

DUCKWORTH, Chief Justice. 1. "Where, in a suit against two codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error." *Turner* v. *Newell,* 129 *Ga.* 89 (1) (58 S. E. 657); *Durrence* v. *Cowart,* 160 *Ga.* 671 (129 S. E. 26); *Butler* v. *Kendrick,* 172 *Ga.* 322, 330 (158 S. E. 13); *Ball* v. *Moore,* 181 *Ga.* 146, 149 (182 S. E. 28).

(*a*) Such a state of facts being shown in the present case, the motion to dismiss the writ of error is without merit and is denied.

2. The charge of the court, as to the measure of damages where a trespasser in cutting timber acted wilfully and with knowledge of his wrong, was authorized by the evidence.

3. The newly discovered evidence relied upon in the motion for new trial, being such as relates only to the quantity of timber cut by the defendant on the land of the petitioner, is merely cumulative of similar evidence offered on the trial by the movant, and, consequently, is not cause for a new trial. Code, § 70-204; *Grubb* v. *Kalb,* 37 *Ga.* 459; *Lakes* v. *Lakes,* 171 *Ga.* 692 (1) (156 S. E. 620); *Shields* v. *State,* 186 *Ga.* 156 (2) (197 S. E. 281.); *Walea* v. *Pierce,* 202 *Ga.* 367 (3) (43 S. E. 2d, 268).

4. The evidence was sufficient to authorize the verdict of the jury, inferentially finding, under the charge of the court, that the defendant was a wilful trespasser with knowledge of his wrong, in cutting the petitioner's timber, and fixing the amount of the verdict on the basis of the full value of the manufactured timber, as provided in the Code, § 105-2013; and the court did not err in entering judgment accordingly and in permanently enjoining the defendant from the further cutting of timber on the land of the petitioner.

5. Since the judgment on the main bill of exceptions is being affirmed, the cross-bill of exceptions is dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

No. 16744, 16756. September 15, 1949.

*J. P. Fowler, J. Roy Merritt, A. G. Liles,* and *H. Rhodes Jordan,* for plaintiff in error.

*Sosebee & Boling* and *Allison & Pittard,* contra.