### 32906. BEDGOOD *v.* ROGERS.

SUTTON, C. J. This was an action for damages in the Municipal Court of Savannah by Joe V. Rogers against R. J. Bedgood, individually and trading as Bedgood Motors, and William Benton. It was alleged that Benton, while in the performance of his duty and acting within the scope of his employment by Bedgood Motors, and while driving an automobile belonging to Bedgood Motors, negligently caused the automobile to collide with an automobile belonging to Rogers which was parked on a street in Savannah at the time. Damages of $294.35 were sought for the cost of repairs to the automobile and for the additional cost to the plaintiff in securing other transportation. Bedgood demurred generally and specifically to the petition, and filed an answer, admitting that Benton was his employee, but denying that Benton was acting within the scope of his employment at the time and place in question. Benton filed no defense. The general and certain special demurrers were overruled; other special demurrers were sustained; the plaintiff amended to meet the rulings on demurrer; and the case proceeded to trial on its merits before a judge acting without the intervention of a jury. During the course of the trial the judge allowed

an amendment to the petition to the effect that the automobile was reduced in value in the sum of $294.35 on account of the collision, this amendment being in lieu of the original allegations in regard to damages. Bedgood objected to the allowance of this amendment, and his objections were overruled. There is evidence to the effect that Bedgood told or authorized Benton to take the automobile belonging to Bedgood Motors and move it from one place of business to another, although this was denied by Bedgood; that Benton was doing this at the time of the collision; that Benton was an inexperienced driver and had no driver's permit, and was driving too fast and lost control of the automobile; that it ran into the plaintiff's automobile, practically demolishing it; that before the collision the plaintiff's automobile was worth $500 and that it was sold for $15 as junk after the collision; that the estimated cost of repairing the automobile was $240.35, and that the plaintiff had paid approximately $54 for freight on tools on account of not being able to haul them in the automobile. The plaintiff testified that the damage to his automobile was at least $290, and that he would be satisfied with a judgment for the amount sued for, with interest. Judgment was rendered for the plaintiff against both defendants for $294.35. Bedgood moved for a new trial, his amended motion consisting of the usual general grounds and seven other grounds, and this motion was overruled. The case is here on exceptions by Bedgood to the overruling of his objections to the allowance of the amendment to the plaintiff's petition in respect to damages, and to the overruling of his motion for a new trial. Bedgood is named as the plaintiff in error in the bill of exceptions, and Rogers is named as the defendant in error. The defendant in error has moved that this court dismiss the writ of error because Bedgood did not make the other defendant in the lower court, Benton, a party to the case in this court.

1. In a suit against two or more defendants, where the judgment is adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, this defendant can except to the judgment overruling his motion, and bring the case to the Supreme Court or the Court of Appeals, as the case may be, without making the other defendant or defendants a party or parties in the bill of exceptions, and the failure to do so will not work a dismissal of the writ of error. Code, § 6-1202; *Jordan* v. *Gaulden*, 73 *Ga.* 191 (1a); *Turner* v. *Newell*, 129 *Ga.* 89 (1) (58 S. E. 657); *Durrence* v. *Cowart*, 160 *Ga.* 671 (2) (129 S. E. 26); *Kerr* v. *Holder*, 13 *Ga. App.* 9 (2) (78 S. E. 682); *Mackle Construction Co.* v. *Hart & Crouse Co.*, 27 *Ga. App.* 405 (108 S. E. 818); *Fennell* v. *Davis*, 34 *Ga. App.* 548 (1) (130 S. E. 595); *Logue* v. *Holleman*, 52 *Ga. App.* 36 (1) (182 S. E. 200). The motion to dismiss the writ of error is denied.

2. It was not error for the trial judge to allow the plaintiff to amend his petition during the course of the trial so that a measure of damage based on the difference in the market value of the automobile immediately before and after the collision was substituted for a measure of damage based on the cost of repairing the automobile. Code, §§ 81-1301, 81-1302; *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107, 111 (107 S. E. 602).

3. In his certificate of approval of the special grounds of the motion for

a new trial the judge approved grounds 1, 2 and 6 subject to certain qualifications, and failed to approve grounds 3, 4, and 5 in any manner. Special grounds of a motion for a new trial which are not unqualifiedly approved by the trial judge will not be considered by the reviewing court. Code, § 70-301; *Gray* v. *Junction City Mfg. Co.*, 195 *Ga.* 33 (1) (22 S. E. 2d, 847); *McDaniel* v. *Richards*, 64 *Ga. App.* 612, 619 (13 S. E. 2d, 710); *Brumfield* v. *Home Owners Loan Corp.*, 70 *Ga. App.* 686 (1) (29 S. E. 2d, 312). Furthermore, grounds 1 and 2 of the motion, in which complaint is made of the admission of evidence, appear to be without substantial merit, and this is also true of ground 6, which is incomplete.

4. In special ground 7 of the motion error is assigned on the failure of the trial judge to direct a verdict, various contentions in this respect being made. The trial judge approved this ground with certain comments but without any apparent qualification. There was no motion to direct a verdict and the case was tried before the judge without a jury. Even if there had been a motion to direct a verdict, it is never error to refuse to direct a verdict. *Aronoff* v. *Woodard*, 47 *Ga. App.* 725 (11) (171 S. E. 404); *Jones* v. *Cannady*, 78 *Ga. App.* 453, 460 (2) (51 S. E. 2d, 551). Moreover, the amount sued for and the amount of the judgment were within the jurisdiction of the Municipal Court of Savannah.

5. The judgment was authorized by the evidence, no error of law appears, and the trial judge did not err in overruling the motion for a new trial.        *Judgment affirmed. Felton and Worrill, JJ., concur.*

DECIDED MARCH 17, 1950. REHEARING DENIED MARCH 24, 1950.

*Aaron Kravitch*, for plaintiff in error.
*Johnson & Braziel*, contra.