32972, 32973, 32998, 32999.   BLAYLOCK *v.* WARE (two cases) ; and *vice versa.*

DECIDED MAY 2, 1950.

*C. H. Porter, Matthews, Owens & Maddox,* for plaintiff in error.

*Gleason & Painter,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ All persons who are interested in sustaining or reversing the judgment of the trial court are necessary parties on appeal, and must be made parties to the bill of exceptions. *Greeson v. Taylor,* 160 *Ga.* 392 (128 S. E. 177). However, where in a suit against two codefendants, verdict and judgment have been entered against them jointly, and one of such codefendants makes a motion for a new trial which is overruled, the movant may except to the judgment overruling his motion and bring the case to this court without making the other defendant a party to the bill of exceptions. Failure to name the codefendant as a party defendant, or to join him in the appeal, will not work a dismissal of the writ of error. See *Mooney v. Shelfer,* 205 *Ga.* 766 (55 S. E. 2d, 212), and cases there cited; *Fennell v. Davis,* 34 *Ga. App.* 548 (130 S. E. 595); *Logue v. Holleman,* 52 *Ga. App.* 36 (182 S. E. 200); *Mackle Construction Co. v. Hart,*

27 *Ga. App.* 405 (108 S. E. 818); *Durrence* v. *Cowart,* 160 *Ga.* 671 (129 S. E. 26); *Ball* v. *Moore,* 181 *Ga.* 146 (182 S. E. 28). All these cases hold that a codefendant need not be joined in the bill of exceptions on appeal. This is the general rule, and the cases cited by the plaintiffs to the contrary are all conformed to particular facts under which it would be necessary to notify a party whose interest in the appeal was such that he ought to be present and have an opportunity to be heard. We do not agree with counsel for the plaintiffs that the mere fact that the guardian ad litem for the nonresident codefendant, Harris, acknowledged service of the motion for a new trial would take this case out of those cited above. The foregoing cases hold in effect that Harris to begin with was not a necessary party to the appeal and, since it was not necessary to make him a party to begin with, the appellant could drop him any time he chose to do so.

The motions to dismiss the bills of exceptions are therefore without merit.

■■. Each motion for a new trial is based on the general grounds only. In reviewing the general grounds of such a motion, it is fundamental that it is a question for the determination of the jury, first, as to whether or not the acts of negligence alleged are supported by the evidence, and, second, whether such negligence, when it is so established, is a proximate concurring cause of the injury. *Jordan* v. *Lee,* 51 *Ga. App.* 99 (179 S. E. 739); *Georgia Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713). This court will review the evidence in its light most favorable to support the verdict and where such evidence is thus sufficient it will not reverse the judgment of the trial court on the general grounds.

The contention of the plaintiff in error is that he was forced to act in an emergency caused by the sudden appearance of the Harris car on the' wrong side of the road; that he did apply his brakes, and that, because the degree of care required in an emergency is less than it would have otherwise been, he was not guilty of negligence in the premises. In support of his contention he cites *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142 (22 S. E. 2d, 336); *Cone* v. *Davis,* 66 *Ga. App.* 229 (17 S. E. 2d, 849); *English* v. *Ga. Power Co.,* 66 *Ga. App.* 363 (17 S. E.

2d, 891). The negligence alleged against Blaylock is, in part, as follows: (a) That he failed to keep his car under control; (b) he failed to drive to the right of the center line of the highway; (c) he failed to sound his horn or give warning of his approach; (d) he failed to turn to the right or permit the Ford car to pass without interference; (e) he failed to slow down the speed of said Pontiac on approaching the curve of said highway and (f) that he was exceeding the speed limit of 55 miles per hour. The evidence on these contentions would have authorized the jury to find: (a) That the car skidded a distance of 78 feet; (b) that he was driving more to the center than the right of the road and that, after the collision, the rear of his car was found extending to the left of the center line thereof; (c) that he did not sound his horn when he first saw the defendant Harris approaching him on his side of the road; that Harris continued without slackening speed, and that, had he sounded his horn and called the attention of the approaching driver to his peril the accident might have been averted; (d) that there was ample room to avoid the oncoming car, had the defendant placed his car on the shoulder of the road and out of its way; (e) that he did not slacken his speed on approaching the curve, but on the contrary increased it, and (f) that he was exceeding the speed limit. There was therefore evidence, although slight in respect to some of these contentions, and although contradicted in respect to others, sufficient to authorize the jury to find negligence as alleged on the part of the defendant Blaylock. As respects the second contention, that such negligence, if any, was not the proximate cause of the collision in that Harris, by proceeding at a rapid rate on the wrong side of the road and running head on into the car in which Mrs. Ware was riding, was guilty of gross negligence which proximately caused the injuries complained of. The fact that one defendant is guilty of gross negligence will not bar a recovery against a codefendant as a joint tort-feasor where the negligence of both combines to constitute the proximate cause of the injury. See *Longino* v. *Moore*, 53 *Ga. App.* 674 (187 S. E. 203). The jury were authorized to find that the defendant Blaylock might have, in the exercise of due care, avoided the collision, either by warning the approaching car of his presence after he became aware

of it, or by turning out to miss it. If his rate of speed was such as to prevent his taking this affirmative action to prevent a collision, that in itself would be negligence sufficient to uphold the verdict. The general grounds of the motions for a new trial are therefore without merit.

The trial court did not err in overruling the motions for a new trial.

*Judgment affirmed on the main bills of exceptions. Cross-bills of exceptions dismissed. MacIntyre, P.J., and Gardner, J., concur.*