### 41039. BARNES v. THE STATE.

NICHOLS, Presiding Judge. ■ Where a motion for mistrial is made and the trial court instructs the jury to disregard the statement which brought about the motion to dismiss, to dismiss it from their minds and forget all about it, if counsel was dissatisfied with such action of the trial judge he should have renewed his motion, and his failure to do so authorized the trial court to conclude that he was satisfied with the action taken. Under such circumstances no error is shown by a ground of a motion for new trial complaining of the failure to grant the motion for mistrial. See *Purcell v. Hill,* 111 Ga. App. 256 (141 SE2d 153), following answer to certified question, 220 Ga. 663 (141 SE2d 152).

■ A ground of an amendment to a motion for new trial which is not unqualifiedly approved by the trial court cannot be considered by this court. See *Gray v. Junction City Mfg. Co.,* 195 Ga. 33 (1) (22 SE2d 847); *Bedgood v. Rogers,* 81 Ga. App. 343 (3) (58 SE2d 473).

■ The usual general grounds of the motion for new trial have been neither argued nor insisted upon and are treated as abandoned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

DECIDED MARCH 12, 1965.

*Guy R. Dunn,* for plaintiff in error.

*William T. Boyd, Solicitor General, Paul Ginsberg, J. Walter LeCraw,* contra.