## JONES *v.* BLACKWELDER.

1. Grounds of a motion for a new trial, based upon the admission or exclusion of evidence, which embrace utterly superfluous and unnecessary matter, such as colloquies between counsel on both sides, or between counsel and the court, recitals of irrelevant facts, and other like things, to such an extent as to bury the question sought to be raised in a mass of needless phraseology, and thus render it difficult, if not impracticable, for this court to ascertain what was the ruling or other conduct of the court complained of, will not be considered. Applying this ruling to the grounds of the motion in this case relating to the admissibility of evidence, none of them are made in such a manner as to present a question for determination by this court.

2. Where a dispossessory warrant is sworn out against a tenant holding over, to recover possession of land and double rent under section 5385 et seq. of the Civil Code of 1910, it is error for the court on the trial to charge the jury to look to the evidence and see what the tenant had possession of; whether he merely had possession of a house and barn, or a number of acres of land, and, if a number of acres, how many acres; and see for how long he held possession of the property, and what the rental value of it was for the time he did hold possession after the expiration of his contract; and whatever the jury found that rental value to be the landlord would be entitled to recover.

3. In such case the measure of damages would be, if the evidence authorized it, an amount double the rental value for the entire premises for the time the premises were held over by the tenant beyond his term.

DECEMBER 12, 1916.

Eviction. Before Judge Wright. Floyd superior court. December 22, 1915.

*Maddox & Doyal,* for plaintiff. *M. B. Eubanks,* for defendant.

HILL, J. This case was here on a previous occasion. On the facts recited in that record this court held, reversing the judgment of the court below, that the case was still in court. *Jones* v. *Blackwelder,* 143 *Ga.* 402 (85 S. E. 122). Subsequently the case was tried and resulted in a verdict for the plaintiff, who, being dissatisfied as to the amount awarded by the verdict, moved for a new trial, which was refused, and he excepted.

1. The first headnote requires no elaboration.

2, 3. The court charged the jury to "look to the evidence and see what Mr. Blackwelder held possession of, if anything; see whether he merely held possession of a house, of a barn, of a house and barn, or a number of acres of land, and, if a number of acres, how many acres, and see for how long he held possession of the property, and what the rental value of it was for the time he did hold possession of [it] after the expiration of his contract; and whatever you find that rental value to be Mr. Jones is entitled to recover double that value at your hands." Error is assigned on this charge; and it is insisted that inasmuch as Blackwelder had rented the whole farm, and there was no issue as to possession (the answer of the tenant having been withdrawn), the possession would not be divisible, but the tenant would be chargeable with the whole, and that the court should have so instructed the jury. We think the portion of the charge excepted to was error requiring a new trial. It was calculated to lead the jury to believe that the plaintiff could only recover as double rent the rental value of that portion of the premises he testified he was in actual physical possession of which under the evidence was less than the whole. He should have charged them that the plaintiff was entitled to recover, under the statute, if the evidence authorized it, an amount double the rental value of the premises for the time they were held over by the tenant beyond his term. *Stanley* v. *Stembridge,* 140 *Ga.* 750 (79 S. E. 842). The plaintiff was not entitled to recover the "reason-

able rental value of all of said farm for the period of one year doubled," as contended, but, if the evidence authorized it, he would be entitled to recover an amount double the rental value of the entire place rented, for the time the premises were held over by the tenant beyond his term. The entire premises rented by the tenant would be presumed to be in his possession as a tenant holding over; and the landlord could recover double the rental value for the whole during the period he was deprived of possession, in the absence of proof that a portion of the premises had been turned back to and received by the landlord, or that the latter had retaken possession of a part thereof.

There are other assignments of error on portions of the charge, but they revolve around the rulings above made, and on the next trial the charge can be adjusted to the decision here rendered.

*Judgment reversed. All the Justices concur.*