28500. KEITH *v.* McCOLLUM.

DECIDED OCTOBER 28, 1940. REHEARING DENIED NOVEMBER 26, 1940.

706

*Joe Thomas, W. Glenn Thomas,* for plaintiff in error.
*Highsmith & Highsmith, D. M. Clark,* contra.

PER CURIAM. The counter-affidavit of the defendant set up more than one defense to eviction, as provided in the Code, § 61-303, but on the trial of the case the defense was that Mrs. Keith was not a tenant of Mrs. McCollum, but occupied the status of a purchaser of the premises in dispute. Properly construed, the contract between the parties provided for a sale of the land to Mrs. Keith in two events: (1) that the proposed release could be obtained from the Federal Land Bank; (2) that no release could be obtained, and Mrs. Keith elected to buy the land with the in-. cumbrance placed on it by Mrs. McCollum, and to take her chances that Mrs. McCollum would pay off the incumbrance on the land contracted for, which was in excess of $1800, the amount assumed by Mrs. Keith as part of the purchase-price. The judge construed

the contract as meaning that a sale was intended only if a release could be obtained. In this we think he was in error; and this error was responsible for the charges to the jury which are complained of, and for the judgment overruling the motion for new trial. The crop was not planted, cultivated, and harvested according to the terms of the contract, because Mrs. McCollum did not furnish the seed, and it was not contemplated when the crop was planted that it was planted on the basis of a rental agreement. In such an event the contract provided that Mrs. Keith was *presumed* to have elected to buy the land and not hold it as tenant, even though no release by the bank was made. Hence all right, title, and interest Mrs. McCollum owned passed to Mrs. Keith, except that involved in the security deed held by the Federal Land Bank. Other evidence in the case also demands the conclusion that the purchase of the land by Mrs. Keith was consummated. She refused to pay rent; she insisted that she wanted to complete the purchase, but was met by a demand for possession of the land. Mrs. McCollum did not tender the $400. Mrs. Keith did not demand it, or offer to execute a deed to the land. The fact that the deed was delivered to Mrs. McCollum by the escrow agent would not be material. Mrs. Keith was entitled to its possession, and the law will regard the deed as having been delivered to her. The delivery of the deed to the proper party was to be made when the transaction was closed. Under the agreement it was closed when Mrs. Keith operated the farm as her own and not under the agreement as tenant. It necessarily follows that Mrs. Keith was the owner of the land subject to the Federal Land Bank's deed to secure debt, and that there was no relationship of landlord and tenant between the parties. This ruling covers the exceptions to the charge of the court and the overruling of the motion for new trial. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. In the brief of counsel it is argued that the warranty deed of Mrs. McCollum passed to Mrs. Keith title upon her payment of $400, obligating her to pay $1800 of an indebtedness owed by Mrs. McCollum to the Federal Land Bank; that, being a purchaser, the dispossessory warrant would not lie against her, being applicable only to a relationship of landlord

and tenant; that, having paid $400 on the purchase-price, she became at least an equitable owner; that while upon the failure of the Federal Land Bank to release the property, as contemplated under the agreement, Mrs. McCollum might rescind the "contract of sale," she could do so only upon returning to her the $400 and paying to her the value of improvements which had been made, as testified on the trial, less the reasonable rental value or contractual value of the premises, but that Mrs. McCollum breached the contract and refused to perform, and never made such restitution as would restore her to the status of an owner and leave Mrs. Keith as her tenant; that consequently, the dispossessory proceeding being applicable only in the case of tenancy, the verdict and judgment were not authorized. These contentions will now be examined in the light of the record.

In 1937 Mrs. Keith was occupying the premises as a cropper of Mrs. McCollum. On October 25 of that year the parties entered into a transaction represented by two written instruments. One was a warranty deed executed by Mrs. McCollum to the premises in dispute, and naming Mrs. Keith as grantee. In this deed the consideration was stated as $400 cash and the assumption by Mrs. Keith of $1800 of an indebtedness owed by Mrs. McCollum to the Federal Land Bank. Mrs. McCollum, to secure the debt, had executed to the bank a deed conveying the property here involved, together with other adjoining property which she owned. Simultaneously with the execution of this warranty deed the parties signed a contract which is set out in the foregoing statement of facts. These instruments are unambiguous, and their construction is for the court. Code, § 20-701. Properly construed, they constitute one entire agreement, and show that the status under which Mrs. Keith was to remain on the property was to be subsequently determined. There was no sale. There was no absolute option to purchase. There was only a conditional agreement under which, by the happening of a named event, Mrs. Keith could become the purchaser. In the meantime she remained in possession with the consent of Mrs. McCollum, but whether as a continuing cropper or as a tenant it is unnecessary to determine. Being no purchaser at the time, the amount paid by Mrs. Keith must be considered only in the nature of a deposit. The deed was not delivered. It was placed in escrow with an attorney, admittedly as the representative

of both parties. While it is well settled that a grantor can not deliver a deed, as an escrow, to one who is exclusively the attorney for the grantee, and that delivery to such attorney of the grantee, authorized to receive it for the grantee, passes title at once to the grantee (*Beaver* v. *Magid,* 56 *Ga. App.* 272, 277, 192 S. E. 497, and cit.), yet the rule "has no application where the depository is, though an agent or attorney of the grantee, yet not an agent to procure the conveyance, and the delivery is to him as agent of both parties. . . 'The mere delivery of manual possession of the deed is not necessarily a delivery of the deed; and in cases where the acceptance of an agency from both involves no violation of duty to either, it is competent for the releasor to make the agent of the releasee his own agent for the purpose of holding the deed as an escrow, and returning it to him, the releasor, in case of non-performance of a stipulated condition. There is no such personal identity between the releasee and his agent as to preclude the latter from becoming the depositary of an escrow.'" *Dixon* v. *Bristol Savings Bank,* 102 *Ga.* 461, 469 (31 S. E. 96, 66 Am. St. R. 193). Hence no delivery was made in the present case merely because it was placed in the hands of one who represented both parties pending the coming into operation of the condition precedent named in the contract, and it follows that no title passed to Mrs. Keith as is contended by counsel for the plaintiff in error.

The agreement further shows that Mrs. Keith was to become a purchaser only in the event that the Federal Land Bank would release the premises in dispute from the security given by Mrs. McCollum to the bank. In other words, the entire agreement was that a sale would arise only in the event that the bank would, by October 25, 1938, reduce the loan of Mrs. McCollum by $1800, release the property in dispute from the lien held by it against Mrs. McCollum, permit Mrs. Keith to become solely responsible for the $1800 by which Mrs. McCollum's indebtedness was to be reduced, and Mrs. Keith's direct obligation to the bank to be secured by the property which the parties desired to have the bank release for the purposes stated. But it indisputably appears that, for whatever reason, or because of whosoever's fault, the bank, after a tentative commitment subsequently withdrawn, would not agree to the release. It had offered to release the property in dispute upon payment of $1800 and evidence of payment of all taxes on the

entire liened property of Mrs. McCollum through 1937, and then had offered to make Mrs. Keith a loan of $1200 on the property to be released on such conditions, requiring, however, that certain repairs would be made, which expense would reduce the net amount of the loan to Mrs. Keith to from $1000 to $1100. Thus Mrs. Keith would be obliged to finance the transaction to the extent of the difference between the $1800 to be paid for the release and the net amount of the proposed loan to her; and she advised Mrs. McCollum that she could not handle it. There was testimony that she stated that she would not go forward with the contract; and although she testified that later, on October 13, 1938, and before the date of the expiration of the contract, she informed Mrs. McCollum, through her husband, that she wanted to carry out the contract and take the property, and was told that she could not have it, and that it had been rented, since she had refused to abide by the contract, to another party for 1939, the record shows that the bank had by letter written on October 12, 1938, withdrawn its tentative offer of release and never reinstated it. Therefore that the condition precedent to Mrs. Keith becoming a purchaser never came into operation, and the deed delivered to the representative of both parties never acquired any vitality or passed title into her. No title having vested in her, a "reconveyance" to Mrs. McCollum as referred to in the contract became unnecessary. By the terms of the contract the relationship of the parties, on the refusal of the bank to make the release, became that of landlord and tenant as of the year 1938. No provision was made in the contract for tenancy beyond that time. On October 13, 1938, as the jury was authorized to find, Mr. McCollum, on behalf of his wife, demanded possession of the property as of the end of 1938. On January 2, 1939, possession not having been surrendered, the present dispossessory warrant was sued out. Mrs. Keith being a tenant holding over beyond the term, this proceeding was authorized under the Code, § 61-301. "Where a tenant holds possession of lands or tenements beyond the term for which they were rented or leased to him, or fails to pay the rent when due, and the owner shall desire possession, he has a plain remedy by warrant to dispossess such a tenant." *Cunningham* v. *Moore*, 60 *Ga. App.* 850, 854 (5 S. E. 2d, 71), and cit. Under the evidence, though conflicting, the jury was authorized to find that demand for possession was

made on October 13, 1938, effective as of January 1, 1939. In these circumstances the plaintiff was entitled to possession as of that date, and as an incident to the dispossessory-warrant proceeding, in the nature of a penalty, to an amount double the reasonable rental value of the premises for the time the defendant continued in possession beyond the 1938 term. *Pettis* v. *Brewster,* 94 *Ga.* 527 (19 S. E. 755) ; *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794) ; *Stanley* v. *Stembridge,* 140 *Ga.* 750 (4-a) (79 S. E. 842) ; *Jones* v. *Blackwelder,* 146 *Ga.* 238 (91 S. E. 45) ; *Crider* v. *Hedden,* 26 *Ga. App.* 737 (1) (107 S. E. 345), and cit.

No issue is involved in the present case as to rent for the year 1938, or as to any accounting between the parties for that year as landlord and tenant, or as to the $400 deposited by Mrs. Keith with Mrs. McCollum at the time the agreement under investigation was entered into. The sole questions for the jury, as ruled by the trial judge, were whether or not demand for possession had been made before the dispossessory-warrant proceeding was instituted, and what was the reasonable rental value of the premises for the time in which the tenant held over beyond the 1938 term. On the question of reasonable rental value the evidence was in conflict; but the finding by the jury of $125 in that respect was fully authorized, as was also the finding that the demand for possession was made before the institution of the present proceeding. It follows that the court did not err in entering judgment for the plaintiff for possession and for double rent in the amount of $250, and that the court properly overruled the motion for new trial on the general grounds.

The cases cited by the plaintiff in error have been carefully considered, but in my opinion are inapplicable to the facts of the present case and the contentions made are based on a misconception of a proper construction of the entire contract as establishing the status of the defendant.